The State v. Blackman.

## THE STATE OF KANSAS V. L. BLACKMAN.

1. EVIDENCE OF INFORMERS; *Judgment, Not Reversed.*  In a criminal prosecution, where it does not appear that the conviction of the defendant might have been founded upon the evidence of an informer, *held*, that the supreme court cannot reverse the judgment of the district court because of any supposed error in the instructions of the district court, with reference to the evidence of informers.

2. WITNESS — *Name Indorsed on Information.*  In a criminal prosecution, the county attorney intending to make J. M. Stilwell a witness in the case, by mistake indorsed J. W. Stilwell instead of J. M. Stilwell on the information, but the court, nevertheless, permitted J. M. Stilwell to testify in the case, over the objections of the defendant. *Held*, Not error.

3. INFORMATION; *Verification; Practice.*  In a criminal prosecution under the prohibitory liquor law of 1881, where the verification of the information is made by the county attorney, in accordance with ¿ 12 of that law, the information is, so far as the verification is concerned, sufficient for every purpose, except merely for the purpose of issuing a warrant for the arrest of the defendant. *And further held,* That the case of *The State v. Gleason*, ante, p. 245, is in harmony with these views. *And further held,* Where a defendant in such a prosecution, without objection, pleads to the merits of the action and goes to trial, he waives all irregularities in the verification of the information, and cannot afterward be heard to question the regularity or validity of any proceeding in the case, if he urges no other objection to the proceeding than that such verification is insufficient.

### *Appeal from Shawnee District Court.*

PROSECUTION for a violation of the prohibitory liquor law. At the January Term, 1884, defendant *Blackman* was found guilty on seven of the twelve counts of the information filed against him.  The court overruled his motion for a new trial, and adjudged that—

"The defendant do pay a fine of $100 on the first, second, third, fourth, fifth, sixth and seventh counts in the information filed herein, amounting in the aggregate to the sum of $700, together with the costs of this suit, taxed at $235.15, and that said defendant do stand committed to the jail of Shawnee county until said fines and costs are fully paid.  And it is further ordered, that said defendant do give a bond of

$500, with good and sufficient sureties, to be approved by the clerk of this court, for his future good behavior, in this, that he will not sell any intoxicating liquor in violation of law."

The defendant appeals.

*Case & Curtis,* for appellant.

*A. H. Vance,* county attorney, for The State.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution against the defendant for selling intoxicating liquors in violation of the prohibitory liquor law of 1881. There were twelve counts in the information, and the defendant was found guilty and sentenced on seven of such counts. He now appeals to this court. His counsel present three points for consideration.

The first point presented is, that "the evidence in this case was that of *informers,* and the court should have instructed the jury to receive such evidence with the greatest caution and distrust." Now it does not appear from the record of the case that any portion of the evidence introduced on the trial was that of an informer; and hence for this reason, if there were no others, the foregoing point is not well taken. Besides, the court below did give an instruction with regard to the testimony of informers, and presumably gave all that was necessary under the facts of the case; and further, the defendant was acquitted upon some of the counts of the information, and perhaps upon those very counts with reference to which it is claimed that the evidence was that of informers.

As a second point, counsel for defendant state in their brief that "the court below erred in permitting J. M. Stilwell to testify, for his name was not on the back of the information." The facts with reference to this matter are, that the county attorney, in attempting to place the name of Stilwell on the information, by mistake wrote it J. W. Stilwell instead of J. M. Stilwell, merely making a mistake in only the initial letter of Stilwell's middle name. J. M. Stilwell was the person intended. Under such circumstances there was certainly

no error committed by the court in permitting Stilwell to testify. Besides, see *The State v. McKinney,* 31 Kas. 570, 576.

The third and last point made by counsel for the defendant is, that the verification of the information is not sufficient. It appears that the information was verified by the county attorney, who, after being duly sworn, stated in his verification, "That the several allegations contained in the forgoing information are, according to the best of his knowledge, information and belief, true in substance and in fact." This point was not raised in the court below, and hence the defendant is not in any condition to raise it in this court. The record shows that the defendant in the court below waived arraignment, pleaded not guilty to the information, and went to trial upon the merits of the action, without making any objection to the sufficiency of the information or to its verification. The defendant, therefore, waived all irregularities with reference to the sufficiency of the verification. (*The State v. Otey,* 7 Kas. 69; *The State v. Ruth,* 21 id. 583; *The State v. Adams,* 20 id. 311.)

Also, § 12 of the prohibitory liquor law provides that the county attorney may verify the information or complaint by simply stating in the affidavit for that purpose "that he believes the facts stated in such complaint to be true." (Laws of 1881, p. 240, § 12.) Is not this section valid? And may not an information or complaint and a verification under it be valid? We are referred to the case of *The State v. Gleason,* ante, p. 245, as holding otherwise; but that decision does not hold otherwise. The substance of that decision is merely that no warrant for the arrest of any person can properly be issued except upon probable cause supported by the oath or affirmation of some person competent to testify, (§ 15 of the Bill of Rights of the Constitution of Kansas,) which oath or affirmation must be positive, and not manifestly founded upon mere information, hearsay, or belief. But the question in the present case is not whether a warrant was properly issued, or not, or whether a warrant or an arrest thereunder is valid, or not; but the sole question is simply whether the information as verified by the county attorney is sufficient. Now it is our

opinion that an information or complaint under the prohibitory liquor law of 1881, verified in accordance with §12 of such law, is, so far as the verification is concerned, sufficient for every purpose except merely for the purpose of issuing a warrant for the arrest of the defendant. Such an information thus verified may properly be filed by the county attorney; a trial may properly be had thereon; a conviction may properly follow the trial; and the defendant may properly be sentenced upon such conviction. And an information thus verified is not subject to a motion to set it aside or to quash it merely because of the supposed insufficiency of the verification; nor may the case be dismissed, or the judgment arrested, or a new trial granted, for any such reason; and the county attorney may not only rightfully file informations under the prohibitory liquor law, and verify them in accordance with §12 of such law, but it is his duty in many cases to do so, and it is always his duty to obey the provisions of that section. Of course, before a warrant is issued for the arrest of the defendant an oath or affirmation within the .meaning of §15 of the bill of rights should be made, showing probable cause to believe the defendant guilty; but if no such oath or affirmation is made or filed, but nevertheless the defendant without objection pleads to the merits of the action and goes to trial, he waives all irregularities in the verification of the information, and cannot afterward be heard to question the regularity or validity of any proceeding in the case, if he urges no other objection than that such verification is insufficient.

The judgment of the court below will be affirmed.

HURD, J., concurring.

HORTON, C. J.: I concur in the affirmance of the judgment of the trial court, and of all that is stated in the foregoing opinion.

When the case was called, the defendant waived arraignment, pleaded not guilty, and went to trial upon the merits of the action. No objections were taken to the issuance of the warrant upon an insufficient verification, and no complaint was

made as to the arrest.   No motion was made to set aside the warrant, or discharge the defendant from arrest.   He voluntarily submitted himself to the jurisdiction of the court upon the averments of the complaint, and therefore the case of *The State v. Gleason,* ante, p. 245, does not settle this case, or control its disposition.   All irregularities in the issuance of the warrant, and in the arrest of the defendant, were waived by his subsequent conduct.   In the Gleason case, the defendant moved the court to quash the warrant issued upon the information and for his discharge.

When this motion was overruled, he objected to being tried, and declined to plead or make any defense.