THE STATE OF KANSAS v. OSCAR BJORKLAND.—THE STATE OF KANSAS v. OSCAR BJORKLAND.—THE STATE OF KANSAS v. FRITZ ISEMAN.

PROSECUTIONS for violations of § 27 of the prohibitory liquor law. Trial at the April Term, 1884, of the district court of Douglas county. In one case the defendant *Bjorkland* was found guilty on the first and second counts of the information, and sentenced to be imprisoned fifteen days in the jail of said county, and to pay a fine of $100 and the costs of this action; in the other case the defendant was found guilty as charged in the second, third and fourth counts of the information, and sentenced to pay a fine of $100 on each of said counts and the costs of the prosecution, and to be committed to the jail of said county until the fines and costs were paid. *Bjorkland* appeals.

The defendant *Iseman* was tried at the aforesaid term of the district court, found guilty as charged in the first, second and fourth counts of the information filed against him, adjudged to pay a fine of $100 upon each of the said counts, and the costs of the prosecution, and to be committed to the county jail until the fines and costs were paid. *Iseman* appeals.

*J. W. Green,* for appellants.

*Per Curiam:* These were prosecutions for violations of § 27, chap. 128, Laws of 1881, commonly known as the prohibitory liquor law. The informations were sworn to by the county attorney, upon information and belief. It is claimed by the appellants that the cases are "on all fours" with *The State v.*

*Gleason,* 32 Kas. 245, and upon that authority we are asked to set aside the warrants under which the appellants were arrested, and to reverse the judgments.

A careful examination of the records makes these cases easily distinguishable from *The State v. Gleason,* supra. In fact, the principles announced in *The State v. Blackman,* 32 Kas. 615, have more application to the cases at bar than the other decision. It is true that in each of these cases a motion to set aside and quash the warrants was made, upon the ground that they were improvidently issued; but at the time these motions were made the warrants had spent their force. So to speak, each warrant was *functus officio.* Before the filing of these motions, each of the appellants had entered into a recognizance to personally be and appear before the district court to answer the charges contained in the information filed against him, and had also waived arraignment and pleaded not guilty to the said charges. Thereby each of the appellants submitted to the jurisdiction of the court, and answered the information on file against him. It is true that subsequently the court permitted the appellants to withdraw their pleas of not guilty, and thereafter motions were made to quash the warrants and discharge the appellants; but these motions were too late, because, when made, the parties were no longer held upon the warrants.

The judgment of the district court in each case will be affirmed.