THE STATE OF KANSAS v. SAMUEL BARR.

1. INFORMATION — *Objection to Verification* — *Waiver.* An objection to the verification of an information, that it was not sworn to positively, but upon information and belief, should be taken advantage of upon a motion to quash the warrant before a recognizance for appearance at court is given, or other steps taken which will operate as a waiver of the defect in the verification.

2. FINDING, *When not Disturbed.* A finding of the trial court upon conflicting testimony as to a disputed question of fact raised upon a plea in abatement cannot be disturbed by the supreme court.

3. CASE, *Followed.* The case of *The State v. Looker,* ante, p. 227, followed.

*Appeal from Dickinson District Court.*

SAMUEL BARR was convicted of selling intoxicating liquor contrary to law, and of maintaining a nuisance. He appeals.

*C. S. Crawford,* for appellant.

*John T. Little,* attorney general, and *Samuel S. Smith,* county attorney, for The State.

The opinion of the court was delivered by

JOHNSTON, J.: Samuel Barr was convicted upon two counts of an information, one of which charged him with the sale of intoxicating liquor, and the other with maintaining a nuisance. Just before going to trial, the defendant filed a plea in abate-

ment, attempting to raise the question of the sufficiency of the verification of the information. He contended that the information was verified upon information and belief, whereas it appeared upon its face to have been sworn to positively. Objection to the verification should have been taken advantage of upon motion to quash the warrant before the recognizance for appearance was given or other steps taken which would operate as a waiver of the defect in the verification. As a verification upon information and belief is sufficient for every purpose, except merely for the issuing of a warrant for the arrest of the defendant, the objection in this case is unavailing. (*The State v. Blackman*, 32 Kas. 615; *The State v. Longton*, 35 id. 375; *The State v. Tuchman*, 47 id. 726.)

If the practice permitted the determination of the controversy as to how the information was verified upon a plea in abatement, the defendant's objection could not be sustained. It appears that there was conflicting testimony as to whether the complaining witness swore to the information positively, or merely upon information and belief. Upon this conflict the trial court found in favor of the state, and a finding of fact supported in that manner is conclusive in this court.

There is a further contention that the prohibitory liquor law under which the conviction was had is unconstitutional, in that it provides for indefinite punishment. This question was determined adversely to the contention of the defendant in *The State v. Looker*, ante, p. 227, and no further comment upon this objection is required. The judgment of the district court will be affirmed.

All the Justices concurring.