THE STATE OF KANSAS v. W. E. HOOK.

No. 562.

1. INFORMATION — *Defects Waived by Recognizance and Continuance.* Where an information is subscribed by the county attorney but verified by another person, on information and belief, the verification is insufficient to authorize the issuing of a warrant for the arrest of the accused; but where the accused has been arrested under a warrant, and, without objecting to the warrant or the information or verification of the information, enters into a recognizance for his appearance in the district court to answer the charge in the information, and appears in court in accordance with his recognizance, voluntarily consents to a continuance, and enters into a new recognizance for his appearance at the next term of court, he waives any right thereafter to object to the sufficiency of the verification of the information.

2. UNLAWFUL COHABITATION — *Joint Offense.* The offense of lewd and lascivious cohabitation between an unmarried man and a married woman, under the statute, is a joint offense, of which both parties must be found guilty, or neither.

3. ——— *Information Must Include Both.* In an information charging the offense of lewd and lascivious abiding and cohabiting between an unmarried man and a married woman, both must be joined as defendants in the same information, unless one of the parties be unknown or has died since the offense.

4. ——— *Defective Information.* An information which charges that H., an unmarried man, did lewdly and lasciviously cohabit and have sexual intercourse with one L., a married woman, and that the said H. and L. were not married to each other, does not charge the parties with a joint offense, but charges it against the man alone, and therefore is bad.

MEMORANDUM. — Appeal from Reno district court; F. L. MARTIN, judge. Prosecution for unlawful cohabitation. Defendant, W. E. Hook, was convicted. He appeals the case to this court. Reversed. The opinion herein, filed September 5, 1896, states the material facts.

*C. M. Williams,* for appellant.

*F. B. Dawes,* attorney general, *L. M. Fall,* county attorney, and *Z. L. Wise,* deputy county attorney, for The State.

The opinion of the court was delivered by

JOHNSON, P. J. :  This is a criminal prosecution commenced on the 3d day of September, 1895, in the district court of Reno county, against W. E. Hook, in which it is charged in the information filed against him that, at the county of Reno, in the state of Kansas, he unlawfully, wilfully, lewdly, and lasciviously, and continuously from the 28th day of May, 1895, to the filing of the information, did abide and cohabit with one Maggie Lockwood, a married woman, and that they did so unlawfully cohabit with each other, and then and there have sexual intercourse with each other, he, the said W. E. Hook, being an unmarried man, and she, the said Maggie Lockwood, being then and there a married woman and having a husband living, and they not being married to each other.

The information was subscribed by the county attorney, but was verified in the following words:

"State of Kansas, Reno county, ss.: I, Earnest Lockwood, do solemnly swear that the facts set forth in the within information are true, as I am informed and verily believe. So help me God.

EARNEST LOCKWOOD.

"Subscribed and sworn to before me, this 3d day of September, 1895. Z. L. WHINERY,

Clerk District Court."

On the filing of the information the clerk of the court issued a warrant for the arrest of the defendant, and he was arrested, and, without any objections thereto, gave a recognizance for his appearance at the September term, 1895, of the district court. The case was continued to the December term. On the 3d day of December, 1895, the defendant filed a motion to quash the information for the reasons that the information did not state facts sufficient to constitute an offense; that the court had no jurisdiction to hear and determine the same, because the information was not such as is required by law; that the information was not verified as required by law. The motion was overruled, and the defendant excepted. On the 4th day of December the defendant filed a motion to set aside the recognizance for his appearance because the court had no jurisdiction of said action, because the information filed in the cause did not state facts sufficient to constitute an offense under the laws of Kansas, and because the information was not verified as by law provided. This motion was overruled, and defendant duly excepted. On the said 4th day of December the defendant waived arraignment and pleaded not guilty to the information, and the case was thereupon tried before the court with a jury. The jury returned a verdict of guilty of lewdly and

lasciviously abiding and cohabiting with Maggie Lockwood, in manner and form as charged in the information.    Motions for a new trial and in arrest of judgment were filed, and each overruled, and defendant duly excepted to the rulings of the court thereon. The court then pronounced judgment in accordance with the verdict.    The defendant filed a bill of exceptions, appealed the case to this court, and asks that the judgment be reversed.

The defendant was charged with the crime of adultery, under section 232 of chapter 31, General Statutes of 1889.    The district court has jurisdiction of the crime charged, and had acquired jurisdiction over the defendant by his giving a recognizance to appear in the court and answer the charge against him without objecting to the information or the verification or the warrant for his arrest.

The first reason urged why the judgment should be reversed is, that the court erred in overruling the motion to quash the information because it is not properly verified.    Section 67 of the code of criminal procedure requires all informations to be verified by the oath of the prosecuting attorney or complainant, or some other person.    The provision of this section was doubtless intended to secure some person that had personal knowledge of the facts charged in the information to swear to the truth of the same, so as to authorize the issuing of a warrant for the arrest of the accused party.    Section 15 of the bill of rights in the constitution reads:

"The right of the people to be secure in their persons and property against unreasonable searches and seizures shall be inviolate; and no warrant shall issue but on probable cause, supported by oath or affirmation, particularly describing the place to be searched and the person or property to be seized."

Until some person has a knowledge of the facts constituting a crime, and can swear to it positively, no warrant can be lawfully issued for the arrest of the person charged.   The verification of this information was not such as to authorize the clerk to issue a warrant for the arrest of the defendant, and would have been a fatal defect in the information had the objection been taken at the proper time.   There are certain defects in criminal pleadings as well as in civil pleadings that are waived by failure to object to the pleadings at the proper time.   When the defendant was arrested under the warrant issued by the clerk, and gave his recognizance for his appearance in the district court, there to answer the charge contained in the information, and thereafter voluntarily consented to a continuance of the case to the December term of court, giving a recognizance for his appearance, he waived any right thereafter to object to the mere verification of the information. (*The State v. Bjorkland*, 34 Kan. 377 ; *The State v. Longton*, 35 id. 375.)   In the last case cited the supreme court says :

" We think when the defendant entered into a recognizance for his appearance in the court, without making any objections to the sufficiency of the warrant, or the sufficiency of the information, or the sufficiency of the verification thereof, he waived the supposed defects in the verification of the information and the regularity in issuing the warrant without a sufficient verification."

In the case of *The State v. Blackman*, 32 Kan. 615, the learned judge delivering the opinion says :

"An information or complaint under the prohibitory liquor law, verified in accordance with § 12 of such law, [now ¶ 2543, Gen. Stat. of 1889,] is, so far as the verification is concerned, sufficient for any purpose except merely for the purpose of issuing a

warrant for the arrest of the defendant.    Such an information thus verified may properly be filed by the county attorney, a trial may be properly had thereon, a conviction may properly follow the trial, and the defendant may properly be sentenced upon such conviction.    .    .    .    Of course, before a warrant is issued for the arrest of the defendant, an oath or affirmation within the meaning of § 15 of the bill of rights should be made, showing probable cause to believe the defendant guilty ; but if no such oath or affirmation is made or filed, but nevertheless the defendant without objection pleads to the merits of the action and goes to trial, he waives all irregularities in the verification of the information, and cannot afterward be heard to question the regularity or validity of any proceeding in the case, if he urges no other objection than that such verification is insufficient.''

. The information, being subscribed by the county attorney and verified by another party, although the verification was defective, did not render the information void.    The defect having been waived by the defendant, the motion to quash on that account was properly overruled.

This brings us to the more serious objections to the information, i. e., whether it charges a public offense of which the defendant could be convicted, and whether, in an information under section 232 of the crimes act, the participation of both Hook and Lockwood were necessary to constitute the offense charged, and whether an information against Hook alone is sufficient to authorize a conviction under the statute. It is well settled at common law that, where an offense can only be committed by the participation of a certain number of persons, the number required to constitute it must be jointly indicted.    An indictment against one of the number required to constitute the offense could not be sustained.    If a less number than

is required to constitute it be indicted, the indictment is bad, and a conviction could not be sustained. The specific offense would not have been properly charged. Hook could not have committed the offense without Lockwood being guilty of the same crime. · Where a statute creates an offense, which from its nature requires the participation of more than one person to constitute it, a single individual cannot be charged with its commission, unless in connection with a person unknown. ·

In the case of *The State v. Bailey*, 3 Blackf. 208, McKinney, J., delivering the opinion of the court, says :

"The principle is well settled that when an offense can only be committed by a certain number of persons, the number required to constitute it must be indicted to justify a conviction. ·. . . If . . . a less number than' is required to constitute it be not indicted, or if, on trial, less than that number be found guilty, and the others charged be acquitted, the conviction could not be sustained, as the specific offense would not appear to have been committed."

Mr. Wharton, in his treatise on Criminal Law of the United States, in section 367, says : ·

" Where a statute creates an offense which, from its nature, requires the participation of more than one person to constitute it, a single individual cannot be charged with its commission unless in connection with persons unknown."

In section 431 the same author says :

" In riot and conspiracy, where one cannot be indicted for an offense committed by himself alone, the acquittal of those charged in the same indictment with him as codefendants, of course, extends to him."

In the case of *Delany v. The People*, 10 Mich. 241 — an information charging that, at the city of .Detroit,

Delany "did lewdly and lasciviously associate and co-habit with one Mary Stewart, of said city, he, the said Thomas Delany, being then and there a man, and she, the said Mary Stewart, being then and there a woman, and they, the said Thomas Delany and Mary Stewart not being then and there married to each other," and Delany being charged individually with the offense — Christiancy, J., delivering the opinion of the court, says: " The information, therefore, cannot be supported unless it be found to be a sufficient charge against both, and upon which both might be tried and convicted." In the case of *The State v. Byron*, 20 Mo. 210, Byron, an unmarried man, was alone indicted and convicted for lewd and lascivious cohabitation with an unmarried woman, and the supreme court held the indictment bad and the conviction wrong.

The motion to quash the information should have been sustained, for the reason that the information charged Hook alone with the crime, which could have only been committed by the participation of Lockwood.

The judgment of the district court is reversed, and the case remanded, with directions to set the judgment of conviction aside and to sustain the motion to quash the information.

All the Judges concurring.