*In the Matter of the Application of* CHARLES CUMMINGS *for
a Writ of Habeas Corpus.*

(Filed September 3, 1901.)

1. COMPLAINT—Objections to, Waived, When. The objection that a
. criminal complaint is verified on information and belief, is waived
by pleading to the merits, or entering into a recognizance for ap-
pearance at a future day.

2. VERIFICATION—Sufficient, When. A verification on information
and belief is sufficient for every purpose except merely the issuing
of the warrant for the arrest of the defendant, and the objection
to such verification must be made by motion to quash the warrant
before plea to the merits, or other steps are taken which will operate
as a waiver of such defect.
(Syllabus by the Court.)

· *Original Proceeding in Habeas Corpus.*

*Robert A. Lowry,* for petitioner.

*J. C. Strang,* per contra.

Opinion of the court by

BURFORD, C. J.: The petitioner, Charles Cummings,
seeks to be discharged from a commitment based upon a judg-
ment of the police judge of the city of Stillwater, adjudging
him guilty of violating one of the ordinances of said city.
The complaint was verified on information and belief; the
petitioner was arrested, and when brought before the police
court was arraigned and entered a plea of not guilty, and was
released on his own recognizance for his appearance at a
future day, and the cause was continued. Subsequent to this
he filed a motion to quash the warrant, for the reason that

the complaint or information upon which the warrant was issued was not properly verified.

A verification of a criminal complaint on information and belief is sufficient for every purpose, except merely the issuing of the warrant for the arrest of the defendant, and the objection to the verification must be made by motion to quash the warrant before plea to the merits, or other steps taken which will operate as a waiver of the defect in the verification.

A plea to the merits, or entering into a recognizance for appearance at a future day, is a waiver of any defect in the verification. (*State v. Barr,* 54 Kan. 230; *State v. Blackman,* 32 Kan. 615; *State v. Otey,* 7 Kan. 69; *State v. Hook,* 4 Kan. App. 451, 46 Pac. 44; *Baily v. State,* 55 N. W. 241; *State v. Bjorkland,* 34 Kan. 377; *State v. Longton,* 35 Kan. 375; *State v. Ruth,* 21 Kan. 583; *People v. Murphy,* 56 Mich. 546; *Washburn v. People,* 10 Mich. 372; *People v. Williams,* 93 Mich. 623; *People v. Harris,* 61 N. W. 871.)

By pleading not guilty to the charge contained in the complaint, consenting to a continuance, and agreeing to appear for trial at a future day, the petitioner waived any defect in the verification, and his motion to quash the warrant came too late. As to whether a prosecution for violation of a city ordinance is a civil or criminal action we indicate no opinion in this cause.

The application is refused, at the costs of the petitioner, and prisoner remanded to custody of officer.

All of the Justices concurring.