(No. 10941.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MILTON M. GREEN, Plaintiff in Error.

*Opinion filed December 21, 1916.*

1. CRIMINAL LAW—*when an information charging adultery will not be quashed although facts stated are inconsistent.* Although the facts stated in an information charging adultery and fornication are inconsistent with each other, and the recital of the officer administering the oath, both in body and jurat, is also inconsistent, yet the information will not be quashed if it is sufficient to inform the defendant that he is charged with living in an open state of adultery and fornication with a single woman.

2. SAME—*wife of accused is not a competent witness to prove marriage on charge of adultery.* Where a married man is charged with living in an open state of adultery and fornication with a single woman it is necessary that the man's marriage be proved; but his wife is not a competent witness to prove such fact.

3. SAME—*when it is not necessary to prove whether woman is married or single.* Where a married man is charged with living in an open state of adultery and fornication with a single woman, the offense, although joint in one sense, is adultery as to the man, and he may be convicted without proving whether the woman was married or single.

4. SAME—*when judgment will not be reversed notwithstanding errors in admission of evidence.* Where the guilt of a married man charged with living in an open state of adultery and fornication with a single woman is so clearly established by competent evidence that no different result could be expected on another trial, the Supreme Court will not reverse the judgment of conviction because of errors in the admission of evidence.

WRIT OF ERROR to the First Branch Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. FRANK H. GRAHAM, Judge, presiding.

FRANK H. NOVAK, and CHARLES HUGHES, for plaintiff in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and GEORGE P. RAMSEY, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

An information was filed in the municipal court of Chicago charging the plaintiff in error, Milton M. Green, and Mary Doe, whose name was alleged to be unknown, with living together in an open state of adultery and fornication. Process was issued against the plaintiff in error alone, and he was arrested and moved to quash the information. The motion was denied, whereupon he pleaded not guilty and waived trial by jury. The court heard the evidence at different times and found him guilty, and after overruling motions for a new trial and in arrest of judgment sentenced him to pay a fine of $200 and costs and in default of payment to be committed to the house of correction. The record was removed to the Appellate Court for the First District by writ of error, and that court affirmed the judgment. A writ of error was sued out of this court and the record brought here to review the judgment of the Appellate Court.

The information was a curious sort of document, and the question presented to the court on the motion to quash was whether it was sufficient as a statement of a criminal offense of adultery and fornication. It first recited that the informant, being duly sworn, on his affirmation deposed to the facts therein stated. It was subscribed by the inform-

ant, and the jurat showed it was subscribed and sworn to before the clerk of the court. It charged a joint offense of the plaintiff in error and Mary Doe and then alleged that her name was unknown. There was no evidence on the hearing of the motion that the name of the woman was, in fact, known at the time the information was made and signed, although it appeared afterward on the trial that at the time of the arrest the officer making the same knew that her name was Mary Williams. The facts stated in the information were inconsistent with each other, and the recital of the officer administering the oath, both in body and jurat, was also inconsistent, but the information was sufficient as a statement that the defendant and a single woman had lived in an open state of adultery and fornication and to inform the defendant of the nature of the charge. The court did not err in denying the motion made by the plaintiff in error to quash the information.

The case was tried by installments at different times, but before it was finally concluded the plaintiff in error was proved guilty beyond any reasonable doubt by competent evidence, although in the course of the trial the court committed frequent errors in the admission of testimony. The wife of the defendant was permitted to testify against him that she was married to him on April 27, 1887, had never been divorced and had not lived with him in the past fourteen years. It was necessary to prove the marriage, and the wife was not a competent witness. (*Miner* v. *People,* 58 Ill. 59.) Not only was the wife permitted to testify to the marriage, but the court permitted a police officer to testify that Mrs. Green told him that the plaintiff in error was a married man. The court also admitted evidence of a detective of a conversation over the telephone which he had with a woman, and an interview with her afterward, in the absence of the plaintiff in error, relating to the occupation of a flat or apartment. When the trial was concluded there was no competent evidence of the marriage

and the court gave the prosecution permission to introduce further evidence of that fact, whereupon a brother of Mrs. Green testified that he was present at her marriage to the plaintiff in error in Litchfield, Michigan, in the spring of 1887. He produced a certificate of the marriage which he said he had never seen but had received from Mrs. Green and the signature to which was not identified, and the certificate was admitted in evidence. Whether the certificate was properly admitted or not, the marriage was finally proved in a legitimate way. It is objected that the court abused the discretion given in such cases by admitting the evidence, but under the circumstances we cannot sustain the objection.

Section 11 of division 1 of the Criminal Code provides that if any man and woman shall live together in an open state of adultery or fornication, or adultery and fornication, every such person shall be fined not exceeding $500 or confined in the county jail not exceeding one year. In a sense the offense is joint, but the statute defines the crime as adultery where both parties are married or fornication where neither is married, and adultery and fornication where one is married and the other unmarried. The offense charged as to the plaintiff in error was adultery and as to the woman fornication. (1 R. C. L. 634.) It was essential that the evidence should correspond with the material allegations of the information and any variance therefrom would be a fatal defect, (2 Corpus Juris, 21,) and under this rule it is contended that a failure to prove the status of Mary Williams as married or single was a fatal variance. There was no proof of her status except that she was called Miss Williams at times and Mrs. Williams at others; that she told the officer first that her name was Miss Warner and afterward that it was Mrs. Williams; and the defendant offered a license authorizing Mary Williams to operate and maintain an employment agency, which did not furnish any information as to whether she was married

or single. It cannot be said that her status was proved, but the charge against the plaintiff in error being adultery it was not necessary to make the proof in a prosecution against him. *Lyman* v. *People,* 198 Ill. 544.

Notwithstanding the errors of the court in admission of evidence, the guilt of the defendant was so clearly established that no different result could be expected on another trial, and the judgment ought not to be reversed.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*