DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1918.

---

### The People of the State of Illinois, Defendant in Error, v. Neely Clark, Plaintiff in Error.

### Gen. No. 6,473.   (Not to be reported in full.)

Error to the County Court of Boone county; the Hon. LOUIS M. RECKHOW, Judge, presiding. Heard in this court at the October term, 1917. Affirmed in part and reversed in part. Opinion filed July 25, 1918.

### Statement of the Case.

Information by the People of the State of Illinois, plaintiff, against Neely Clark, defendant, charging the unlawful sale of intoxicating liquor in anti-saloon territory. To reverse a judgment of fine and imprisonment, defendant prosecutes this writ of error.

WILLIAM L. PIERCE and ALEXANDER J. STROM, for plaintiff in error.

F. A. OAKLEY, for defendant in error; C. W. FERGUSON, of counsel.

(586)

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. CONSTITUTIONAL LAW, § 72*—*when constitutional rights of defendant in criminal case violated.* The constitutional rights of one charged with the unlawful sale of intoxicating liquors are violated where he is prosecuted upon an information not supported by a sworn complaint or affidavit.

2. CRIMINAL LAW, § 577*—*when error in prosecuting person without sworn complaint or affidavit is waived.* Error in prosecuting one upon an information not supported by a sworn complaint or affidavit is waived where the question is not raised in the trial court.

3. CRIMINAL LAW, § 366*—*how objection that information is not supported by sworn complaint or affidavit may be raised.* Objection that an information is not supported by a sworn complaint or affidavit may be raised by a motion to quash, by a motion in arrest, or, it seems, by a motion for a new trial.

4. CRIMINAL LAW, § 366*—*limitation of written points in motion in arrest of judgment.* It seems that a motion in arrest of judgment may be limited to the same written points filed in the motion for a new trial.

5. CRIMINAL LAW, § 483*—*necessity of assignment of errors upon record.* The Appellate Court can consider no errors except such as are assigned upon the record.

6. CRIMINAL LAW, § 483*—*what does not constitute assignment of error upon record.* Obtaining leave to assign an additional error or filing with the papers an assignment of error does not amount to an assignment of error on the record.

7. INTOXICATING LIQUORS, § 147*—*when shown that third person was acting for defendant in sale of.* On an information for the unlawful sale of intoxicating liquor, evidence that a third person sold the liquor in the presence of defendant and turned the money over to defendant, *held* sufficient to show that such person was acting for defendant in selling it.

8. CRIMINAL LAW, § 550*—*when improper admission of evidence in rebuttal is harmless error.* It was not reversible error, in a prosecution for the unlawful sale of intoxicating liquor in anti-saloon territory, to testify in rebuttal as to that which properly should have been introduced in chief.

9. CRIMINAL LAW, § 269*—*when instruction that no conviction proper on evidence of accomplice alone is properly refused.* An

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

instruction that the jury could not convict on the evidence of an accomplice alone was properly refused in a criminal prosecution for the illegal sale of intoxicating liquor in anti-saloon territory, where the conviction was chiefly upon the evidence of two detectives and such instruction tended to indicate that the conviction was sought on the evidence of the accomplice alone.

10. CRIMINAL LAW, § 357*—*when motion for new trial properly refused*. A motion for a new trial in a criminal case on the ground of newly-discovered evidence is properly denied where the evidence is merely cumulative and is not conclusive.

11. INTOXICATING LIQUORS, § 161*—*when judgment in criminal prosecution modified on ground of excessiveness*. A judgment in a criminal prosecution for the illegal sale of intoxicating liquor in anti-saloon territory for imprisonment for 240 days in the county jail and fines aggregating $2,950, and costs of $700, and further providing that if, at the end of the jail sentence, the fine and costs were not paid the defendant should stand committed to the county jail until the fine and costs were paid at the rate of $1.50 per day, was held to be excessive, where it appeared that defendant was a man 65 years of age, was in poor health and not a man of means, and such judgment was modified so as to eliminate the fines under the first 20 of the 39 counts and to provide that the order for commitment to the county jail if the costs were not paid should not apply to costs made and taxed against the defendant.