# Ex parte G. A. MOSGROVE.

No. A-7613.   Opinion Filed March 31, 1930.
(287 Pac. 795.)

A. G. Morrison & Sons, for petitioner.

Embry, Johnson, Crowe & Tolbert, for respondent.

EDWARDS, P. J.   This is an original proceeding in habeas corpus.   Petitioner alleges that he is unlawfully restrained of his liberty in the city jail of the city of Geary by W. I. Grant, town marshal, W. I. Bristow, police judge, and Charles E. Rogers, mayor.   That on October 12, 1929, petitioner was selling apples on a vacant lot which he had rented for that purpose in said city, and was arrested by the town marshal without a warrant, and was taken before the police judge, who without any charge or complaint having been filed against him other than the oral complaint of the town marshal, fined him $15 and $3 costs, without any witnesses having been sworn, and the police judge then ordered the said marshal to con-

fine petitioner in the city jail until said fine and costs were paid. That said restraint is without due process of law and in violation of the constitutional rights of petitioner. Upon said petition, a rule to show cause was issued by this court.

At the time fixed, respondents filed their return alleging an ordinance prohibiting the sale of farm produce or other merchandise upon certain streets and alleys and providing a fine of $15 for violation thereof. That at the time of his arrest, petitioner was violating said ordinance. That upon his arrest the town marshal took petitioner to the police court and made oral complaint, and the police judge entered the same on his docket and arraigned petitioner, who pleaded guilty, and the police judge then adjudged petitioner guilty and sentenced him to pay a fine of $15 and costs, and that he stand committed until paid. That petitioner was confined upon said judgment.

Petitioner contends that under section 17, art. 2, State Constitution, and section 1, art. 7, State Constitution, and section 4639, Comp. Stat. 1921, his imprisonment without a verified complaint is not due process of law. Respondents contend that under section 4639, Comp. Stat. 1921, the offense not being criminal in its nature, the complaint need not be in writing. The respondents clearly acted in good faith under the assumption that section 4639, Comp. Stat. 1921, was a valid provision of law.

Section 17, art. 2, State Constitution, in part provides:

"Prosecutions may be instituted in courts not of record upon a duly verified complaint."

Section 1, art. 7, of the Constitution, provides:

"The judicial power of this state shall be vested in the Senate, sitting as a court of impeachment, a Supreme Court, district courts, county courts, courts of justices of the peace, municipal courts, and such other courts, com-

missions or boards, inferior to the Supreme Court, as may be established by law."

Section 1, c. 147, Session Laws 1915 (section 4652, Comp. Stat. 1921), defines municipal courts and offenses against municipal ordinances. This court in the case of Ex parte Bochmann, 20 Okla. Cr. 78, 201 Pac. 537, said:

"In this state a municipal court is a constitutional court and as such is bound by the constitutional provision found in section 17 of the Bill of Rights: 'Prosecutions may be instituted in courts not of record upon a duly verified complaint.'

"That part of section 650, R. L. 1910 [Sec. 4639, Comp. Stat. 1921], providing that 'The complaint when made by the marshal, assistant marshal or regular policeman against any person arrested without process * * * need not be in writing,' is in conflict with section 17 of the Bill of Rights. Held, that all prosecutions of a criminal nature should be maintained upon a verified written complaint."

In the body of the opinion it is said:

" * * * Every person accused of an offense, under the Constitution and statutes of this state, has a right to be informed of the nature and cause of the accusation against him. He has a right to be represented by counsel and to have compulsory process to obtain witnesses in his behalf. It is difficult to see how this can be safely and orderly accomplished without a definite written accusation or complaint. McQuillin on Municipal Ordinances, §§ 305 and 306.

"Doubtless it was for this reason that our Constitution provides for a verified written complaint, and a written complaint is required in municipal courts in nearly all of the states. The exceptions, so far as we are able to ascertain, are in Nevada, Massachusetts, and Arkansas, where a complaint may be made orally and made a matter of record by the police magistrate. 3 McQuillin on Municipal Corporations, § 1045 and notes. * * *"

Several other cases from this court are cited in the Bochmann Case in which this court had under consideration the power of municipal courts. Respondents contend that the Bechmann Case is not in point for the reason that case was for an offense criminal in its nature, and the offense charged in the instant case is for a mere petit offense, punishable by a fine of less than $20. There are several authorities which in whole or in part support the contention of respondents. Dillon on Mun. Corp. vol. 2, pp. 1127, 1129; 43 C. J. 459, §§ 646, 647; Pearson v. Wimbish, 124 Ga. 701, 52 S. E. 751, 4 Ann. Cas. 501.

Section 17, art. 2, considered in connection with section 1, art. 7, State Constitution, and section 1, c. 147, Session Laws 1915 (section 4652, Comp. Stat. 1921), clearly contemplates that a prosecution, whereby a person accused of an offense may be fined or imprisoned, shall be by a verified written complaint so that the accused person shall be informed of the nature and cause of the accusation against him. Where a police judge assumes to fine and imprison an accused person for the violation of a city ordinance without a verified written complaint having been filed, he is without jurisdiction, and the person so restrained of his liberty is entitled to release by habeas corpus. There is no hardship imposed upon the municipalities in so ruling. The right to arrest, without a warrant, a person engaged in a violation of the laws of the state or an ordinance of a municipality is conferred by section 4516, Comp. Stat. 1921. Before, however, the person accused shall be fined or imprisoned, the nature and the cause of the accusation against him shall be set out in a verified complaint.

For the reasons as stated, the writ is awarded, and petitioner is discharged.

DAVENPORT and CHAPPELL, JJ., concur.