## Ex parte PEGGY DRAKE.

No. A-8191.  Opinion Filed Sept. 5, 1931.
(2 Pac. [2d] 978.)

48

C. R. Reeves, for petitioner.

Albert L. McRill, Municipal Counselor, Harlan T. Dupree, A. P. VanMeter, and W. H. Brown, Asst. Municipal Counselors, for respondent.

DAVENPORT, P. J. This is an original proceeding in habeas corpus. Petitioner alleges that she is unlawfully imprisoned and restrained at Oklahoma City by the chief of police of said city, John Watt; that according to the best of her knowledge and behalf she is charged with the pretended violation of an ordinance of the city of Oklahoma City for the crime of vagrancy. Petitioner alleges that said restraint is illegal and unlawful in this, that the municipal court has no jurisdiction of her because there was no written verified complaint filed against her; that the alleged judgment of conviction rendered and entered is illegal and void for the reason that it was rendered without jurisdiction; that she was not informed by a complaint in writing of the charge against her. No verified complaint was filed, as required by the laws of the state of Oklahoma, and the Constitution of the state of Oklahoma; that she is now imprisoned in violation of the laws of the state of Oklahoma, the Constitution of the state of Oklahoma and the United States, and said pro-

cedure of the municipal court was in violation thereof; that said conviction is wholly void.

At the time fixed respondent filed his reply showing that he held the petitioner by reason of a conviction in the city municipal court of the city of Oklahoma City. Testimony was taken, and it was shown that no verified written complaint was filed against the defendant charging her with a crime, and the police judge testified that he did not swear any one to a complaint charging the petitioner in this case with a crime.

Petitioner contends that under the provisions of section 17, art. 2, state Constitution, and section 1, art. 7, state Constitution, and section 4639, Comp. Stat. 1921, her imprisonment without a verified complaint is in violation of the law.

The respondent contends that the petitioner appeared in the municipal court and entered her plea of guilty and by reason of that fact she waived any right to question her conviction on the ground that no written verified complaint had been filed charging her with an offense prior to her trial.

Section 17, art. 2, state Constitution, in part provides:

"Prosecutions may be instituted in courts not of record upon a duly verified complaint."

Section 1, art. 7, state Constitution, provides:

"The judicial power of this state shall be vested in the Senate, sitting as a court of impeachment, the Supreme Court, district courts, county courts, courts of justices of the peace, * * * commissions or boards, inferior to the Supreme Court, as may be established by law."

Section 1, ch. 147, of the Session Laws 1915, now section 4652, Comp. Stat. 1921, defines municipal courts and offenses against municipal ordinances. This court in the case of Ex parte Bochmann, 20 Okla. Cr. 78, 201 Pac. 537, said:

"In this state a municipal court is a constitutional court and as such is bound by the constitutional provision found in section 17 of the Bill of Rights: 'Prosecutions may be instituted in courts not of record upon a duly verified complaint.' * * *

"That part of section 650, R. L. 1910 [section 4639 Comp. Stat. 1921], providing that 'The complaint when made by the marshal, assistant marshal or regular policeman against any person arrested without process * * * need not be in writing,' is in conflict with section 17 of the Bill of Rights. Held, that all prosecutions of a criminal nature should be maintained upon a verified written complaint."

The respondent insists that the petitioner by entering her plea waived the statute requiring a verified complaint to be filed, and that she cannot now be heard to complain. The laws of this state require a sworn complaint to be filed in order that the municipal courts may acquire jurisdiction of a charge of violation of a city ordinance.

This is not disputed by respondent, and the only reason respondent gives for holding the defendant is that she by coming into the municipal court and entering her plea and receiving a sentence waived the requirement of the statute requiring the filing of a sworn complaint. Respondent cites a number of authorities which he insists sustain his position. After a careful reading of the authorities relied on by respondent we cannot agree that they sustain his contention. The majority of the cases cited by the respondent relate to the irregularity of the

procedure in courts of record, and we do not think they are applicable to the facts in this case.

In State v. Sheffield, 45 Utah, 426, 146 Pac. 306, in the second paragraph of the syllabus, the court said:

"A verified complaint or an affidavit before a magistrate, charging accused with a public offense, is essential to a preliminary examination, since without it the magistrate's jurisdiction to act is not judicially invoked."

In White v. State (Tex. Cr. App.) 35 S. W. 391, the court said:

"A complaint is a prerequisite to a prosecution on information; and, where the record fails to show that one was filed, a conviction cannot be sustained."

In Gilbert v. State, 17 Ga. App. 143, 86 S. E. 415, the Court of Appeals of Georgia, in the second paragraph of the syllabus, said:

"An affidavit, neither attested by an officer authorized to administer oaths, nor purporting to be sworn to in open court, is void as the basis of a criminal proceeding."

Every person accused of a crime in this state, under the Constitution and statutes, has a right to be informed of the nature and cause of the accusation against him; to be represented by counsel, and to have compulsory process to obtain witnesses in his behalf. It is difficult to see how this provision can be complied with without a definite verified accusation or complaint. We think section 17, art. 2, considered in connection with section 1, art. 7, state Constitution, and section 4652, Comp. Stat. 1921, contemplates that, in a prosecution whereby a person accused of an offense may be fined or imprisoned, the nature of the accusation against him shall be set out

in a verified complaint, so that the accused person may be informed of the nature of the accusation against him, and, where a municipal judge assesses a fine or imprisonment, against an accused for the violation of a municipal ordinance without a written verified complaint having been filed, he is without jurisdiction, and the party restrained of her liberty is entitled to be released on habeas corpus. Ex parte Bochmann, supra; Ex parte Mosgrove, 47 Okla. Cr. 40, 287 Pac. 795.

The filing of a verified complaint is jurisdictional and may not be waived.

For the reasons stated the writ is awarded, and petitioner discharged.

CHAPPELL, J., concurs.

EDWARDS, J. (dissenting). I am unable to agree with the majority opinion of the court. In my opinion it violates the well-settled rules of statutory construction and several decisions of this court. The petition, the response, and the evidence and stipulation at the hearing disclose that petitioner, Peggy Drake, was charged with vagrancy in soliciting as a prostitute on the streets of Oklahoma City. She was arrested when she solicited a plain clothes police officer. After such arrest she was taken to police headquarters and a written complaint charging vagrancy signed by the officer was filed. This complaint was not verified at the time, though later, and, before this proceeding in habeas corpus was filed, the police judge attached his jurat thereto, although the officer did not verify the same. The proceedings are regular on their face.

A habeas corpus case such as this cannot take the place of an appeal or writ of error. It can only be in-

voked where the validity of the proceedings appear upon the face of the record. Ex parte Barnette, 29 Okla. Cr. 80, 232 Pac. 456; In re Talley, 4 Okla. Cr. 398, 112 Pac. 36, 31 L. R. A. (N. S.) 805; Ex parte Waldock, 142 Okla: 258, 286 Pac. 765.

Petitioner was arraigned on this complaint and entered a plea of guilty, was fined, and was incarcerated in the city jail, pursuant to said judgment of conviction. The majority opinion, in substance, holds that the last sentence of section 17, art. 2, of the state Constitution requires that the written complaint filed must be verified or the court is without jurisdiction, and a party so charged must be discharged on habeas corpus. The cases of Ex parte Bochmann, 20 Okla. Cr. 78, 201 Pac. 537, 541, and Ex parte Mosgrove, 47 Okla. Cr. 40, 287 Pac. 795, are relied on. The Bochmann Case, supra, is clearly not in point. In that case no written complaint was filed, but the municipal authorities were attempting to act under the provisions of section 650, Rev. Laws of 1910 (section 4639, Comp. Stat. 1921), providing that a complaint made by a marshal, assistant marshal, or policeman need not be in writing, which was held invalid. In that case, too, it did not appear that the offense for which petitioner was convicted was committed in the presence of the officer. The court there said:

"If a prosecution in a municipal court, under our Constitution and statutes, may be maintained without a written complaint against one in custody, arrested without a warrant, it necessarily follows that such arrest and custody must be for an offense committed or attempted in the presence of the officer. Otherwise, the arrest and detention of the accused would be in violation of both the Constitution and the statutes. It may be that the offense of vagrancy, according to the several definitions

of the offense contained in the ordinance, could be committed in the presence of the arresting officer. Upon this point the record in this case is silent, and to obviate such uncertainties and possible miscarriage of justice there should be some kind of complaint or written accusation to promote and facilitate an orderly investigation of a specific, definite charge, to which the accused could intelligently plead and from which he could appeal if he so desired."

In that case there also was imposed a fine and costs greater than $20, which raised it above the degree of petit offenses and violated the rule announced in Ex parte Johnson, 13 Okla. Cr. 30, 161 Pac. 1097; Ex parte Monroe, 13 Okla. Cr. 62, 162 Pac. 233, and various other decisions of this court. The conviction in that case was further without any sworn testimony, in violation of section 650, Rev. Laws 1910, supra (section 4639, Comp. Stat. 1921). While the opinion refers to a verified complaint, there is nothing in that case sustaining the majority opinion.

In the case of Ex parte Mosgrove, supra, while the words "duly verified complaint" are used, it does not sustain the majority opinion. In that case there was no written complaint filed. The municipal authorities relied on section 650, Rev. Laws 1910 (section 4639, Comp. Stat. 1921), which had been held invalid in the Bochmann Case, supra. In the instant case a written complaint was filed, but was not verified at the time. In order to authorize the issuance of a warrant, the complaint must be verified. Section 2959, Comp. Stat. 1921. But, where a complaint is not verified, it is sufficient for all purposes, except to authorize the issuance of a warrant. The want of verification must be attacked by motion to quash the warrant, but, if a warrant is issued on such

complaint and an accused is apprehended and submits to the jurisdiction of the magistrate, such defect is waived. Steiner v. State, 33 Okla. Cr. 298, 243 Pac. 1002. In this case it was said:

"* * * The law requires that a complaint be verified. Section 2959, Comp. Stat. 1921. This provision of the statute is intended to safeguard the personal security and liberty of the individual and to prevent the issuance of warrant and arrest upon baseless and unfounded prosecutions. An unverified complaint is sufficient for all purposes except the issuance of a warrant. The failure to verify may be waived, and is waived by proceeding without objecting to the sufficiency of the complaint on that ground to give jurisdiction of the person. Here the defendant made no objection to the preliminary complaint, but demanded and was awarded a preliminary hearing upon it. He did not challenge it until an information was filed in the superior court. The objection came too late. In re Talley, 112 Pac. 36, 4 Okla. Cr. 398, 31 L. R. A. (N. S.) 805; In re Cummings, 66 Pac. 332, 11 Okla. 286; Bergdahl v. People, 61 Pac. 228, 27 Colo. 302; State v. Brown, 79 S. W. 1111, 181 Mo. 192."

If the verification could be waived in a felony case by submitting to the jurisdiction of the magistrate, there would appear to be much more reason for holding that the verification could be waived in a petit offense where the accused was arrested in the commission of the offense as in the instant case.

In the case of Brown v. State, 9 Okla. Cr. 382, 132 Pac. 359, a felony case, it was held that the court was not divested of jurisdiction, although the information was neither signed by the county attorney nor verified. The case of In re Talley, 4 Okla. Cr. 409, 112 Pac. 36, 40, 31 L. R. A. (N. S.) 805, differs from the instant case, in that it was a prosecution for a felony, but the case is ex-

tremely pertinent as supporting the rule that the verification is no part of the complaint and may be waived, and in that case Richardson, Judge, speaking for this court, said:

"We take it as established, therefore, both on principle and by the authorities, that a defendant waives any objection which he may have to the information on account of a defective verification thereof or a total want of verification, by pleading thereto without moving to quash or set aside the information on that ground. He thereby admits what the verification is intended to show, namely, that there exists probable cause to believe him guilty; * * * and, after pleading to such information, he can no more take advantage of its want of verification than he could then take advantage of the fact that the indictment, if he were being prosecuted by indictment, was returned by the grand jury without hearing any evidence, or that the indictment was not indorsed 'a true bill,' and signed by the foreman of the grand jury, both of which matters by the terms of the statute are waived unless a timely motion to set aside is filed. It was even held by the Supreme Court of the United States, in an opinion rendered by Justice Brewer in the case of In re Wilson, 140 U. S. 575, 11 S. Ct. 870, 35 L. Ed. 513, that, if the law required that a grand jury be composed of not less than 17 nor more than 23 members, and a grand jury composed of only 15 members returned an indictment, 'the defect in the number of grand jurors did not vitiate the entire proceedings, so that they could be challenged collaterally on habeas corpus, but it was only a matter of error to be corrected by proceedings in error'; and that 'it is doubtful, at least, whether such defect is not waived if not taken advantage of before trial and judgment.' "

The following cases also support the rule that the failure to object before plea constitutes a waiver: Thayer v. State, 16 Okla. Cr. 712, 183 Pac. 931; Simpson v. State, 16 Okla. Cr. 533, 185 Pac. 116; Braught v. State, 17 Okla.

Cr. 1, 179 Pac. 769; Dismone v. U. S. (C. C. A.) 12 F. (2d) 63; People v. Clark, 211 Ill. App. 586; People v. Green, 200 Ill. App. 59, affirmed 276 Ill. 346, 114 N. E. 518; Schell v. People, 65 Colo. 116, 173 Pac. 1141, L. R. A. 1918F, 954; Laffey v. People, 55 Colo. 575, 136 Pac. 1031.

For the reasons stated, I cannot assent to the majority opinion.