*Ex parte* OWEN DOZA.

No. A-2869. Opinion Filed April 14, 1917.

(164 Pac. 130.)

JURY—Right to Jury Trial—Violation of Ordinance—Constitutional Provisions. The Bill of Rights of the Constitution of Oklahoma declares that "the right of trial by jury shall be and remain inviolate, and a jury for the trial of civil and criminal cases in courts of record, other than county courts, shall consist of twelve men; but, in county courts and courts not of record, a jury shall consist of six men" (Const. art. 2, sec. 19), and that "in all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed" (Const. art. 2, sec. 20). **Held**, that

a person prosecuted under a city ordinance for an offense which is also made a misdemeanor by statute, or an ordinance, the punishment for a violation of which is or may be imprisonment, is entitled to a jury trial in the court of original jurisdiction, and to accord to the accused the right to be tried by a jury in the county court on appeal after conviction in the municipal court does not satisfy the requirements of the Constitution. In such cases a judgment of conviction in the municipal court not based uuon a verdict of guilty by a jury is void.

Application of Owen Doza for writ of *habeas corpus.* Writ allowed, and petitioner ordered to be discharged.

*Firman S. Winn,* for petitioner.

*B. D. Shear,* Municipal Counselor, and *Frank Watson,* for respondent.

DOYLE, P. J. On the 11th day of November, 1916, a duly verified petition for writ of *habeas corpus* was presented to the Presiding Judge, averring, in substance, that the petitioner, Owen Doza, was unlawfullly restrained of his liberty by W. B. Nichols, chief of police of Oklahoma City, upon a *mittimus* issued upon a judgment of the municipal court of said city on November 1st, wherein the petitioner was adjudged guilty of being drunk, and was sentenced to pay a fine of $99 and to be confined for 90 days in the city jail; that petitioner by reason of his poverty was unable to procure bond for appeal in said case, and further averring:

"That the ordinance of said city authorizing punishment as above set forth for being drunk is in conflict with the laws of the State of Oklahoma, in that the punishment prescribed by the state for said offense is a fine of $10, no more or no less, and for the reasons above stated his imprisonment is wholly illegal and without authority of law."

The writ was issued, and in obedience to the writ petitioner was brought before the court on the following day and return made to the writ. The issue in this case

is the same as in the case of *Ex parte Johnson, ante,* p. 30, 161 Pac. 1097. For the reasons given in the opinion in that case we are of opinion that the proceedings had upon the trial and conviction of the petitioner in the municipal court were illegal and void, and it is ordered that he be discharged.

ARMSTRONG and BRETT, JJ., concur.