*Ex parte* GEORGE GOWNLOCK.

No. A-2894. Opinion Filed April 16, 1917.

(164 Pac. 130.)

JURY—Right to Jury Trial—Violation of Ordinance. Section 1, c. 147, Sess. Laws 1915, defines "municipal courts" "to mean and include all the courts of the State of Oklahoma, organized and existing in the various towns and cities thereof which shall have and possess, under the laws of the state, original jurisdiction to hear and determine offenses against the ordinances of municipalities," and defines an "offense" "to mean the doing of some act, or the failure to perform some duty, commanded by some municipal ordinance or by law, and for the violation of which a penalty or punishment is provided thereby," and declares such proceedings to be "criminal in their nature; and except as otherwise specifically provided, shall be governed by, and subject to, general laws relating to criminal procedure." Held that, in respect to "offenses" under city ordinances, the punishment for which is or may be imprisonment, conviction of the accused without a jury trial would be in contravention of section 7 of the Bill of Rights, providing that "no person shall be deprived of life, liberty, or property, without due process of law," because under the constitutional provisions a jury is an essential part of every tribunal for the trial of criminal cases, and such constitutional provisions place the right to trial by jury beyond the power of the Legislature to abrogate or abridge it, and it is beyond the power of the Legislature to confer jurisdiction on any tribunal to try criminal cases without providing for jury trials.

Petition by George Gownlock for writ of *habeas corpus.* Petitioner ordered to be discharged.

*O. A. Cargill,* for petitioner.

*B. D. Shear,* Municipal Counselor, and *Frank Watson,* for respondent.

DOYLE, P. J.   On the 20th day of December, 1916, a duly verified petition for writ of *habeas corpus* was presented to the Presiding Judge, averring in substance that the petitioner, Geo. Gownlock, is unlawfully restrained of his liberty by the officers of the city of Oklahoma City, upon a judgment of the municipal court of said city entered on the 18th day of October, 1916, imposing a fine of $99 and confinement for 30 days, and further averring:

"That he was deprived of a fair trial, in this that he was deprived of an opportunity to produce witnesses to prove that he was not guilty of the offense charged; that he was deprived of his statutory right to plead, and that there was no competent evidence introduced to show that he was guilty of the offense charged; that immediately after his summary conviction, he was transferred to the county roads, where he has been confined and working for the last 30 days."

The writ was issued, and in obedience to the writ petitioner was brought before the court on the following day, and return made to the wit.

The issue in this case is the same as in the case of *Ex parte Johnson,* ante, p. 30, 161 Pac. 1097. For the reasons given in the opinion in that case, we are of the opinion that the proceedings had upon the trial and conviction of the petitioner in said municipal court were illegal and void, and it is ordered that he be discharged.

ARMSTRONG and BRETT, JJ., concur.