## ED FRANKS v. CITY OF MUSKOGEE.

No. A-2893. Opinion Filed March 23, 1918.

(171 Pac. 492.)

JURY—Right to Jury Trial—Constitution—Provisions. The Bill of Rights of the Constitution of Oklahoma declares that: "The right of trial by jury shall be and remain inviolate, and a jury for the trial of civil and criminal cases in courts of record, other than county courts, shall consist of twelve men; but, in county courts and courts not of record, the jury shall consist of six men." Const., art. 2, sec. 19. And that: "In all criminal prosecutions the accused shall have the right of a speedy and public trial by an impartial jury of the county in which the crime shall have been committed." Const., art. 2, sec. 20. **Held,** that a person prosecuted under a city ordinance for an offense which is also made a misdemeanor by statute, or an ordinance the punishment for a violation of which is or may be imprisonment, is entitled to a jury trial in the court of original jurisdiction, and to accord to the accused the right to be tried by a jury in the county court on appeal after conviction in the municipal court, does not satisfy the requirements of the Constitution. In such cases a judgment of conviction in the municipal court, not based upon a verdict of guilty by a jury, is void.

*Appeal from County Court, Muskogee County;*
*Glenn Alcorn, Judge.*

Ed Franks was convicted of violating a city ordinance, and he appeals. Reversed.

*Crump, Bailey & Crump,* for plaintiff in error.

DOYLE, P. J. The plaintiff in error, Ed Franks, was convicted in the police court of the city of Muskogee upon a complaint charging him with being an inmate of a disorderly house, and he was adjudged to pay a fine of $25, from which judgment he appealed to the county court of Muskogee county. Upon his trial in the county court he was again convicted, and his punishment assessed at confinement in the city jail for 45 days, and to pay a

fine of $25. From the judgment rendered in pursuance of the verdict, he appeals. The question of jurisdiction which was raised below in the municipal court and in the county court has been passed upon by this court in *Ex parte Johnson,* 13 Okla. Cr. 30, 161 Pac. 1097, wherein it is held:

"That a person prosecuted under a city ordinance for an offense which is also made a misdemeanor by statute, or an ordinance the punishment for a violation of which is or may be imprisonment, is entitled to a jury trial in the court of original jurisdiction, and to accord to the accused the right to be tried by a jury in the county court on appeal after conviction in the municipal court, does not satisfy the requirements of the Constitution. In such cases a judgment of conviction in the municipal court, not based upon a verdict of guilty by a jury, is void."

And further held:

"That in respect to 'offenses' under city ordinances, the punishment for which is or may be imprisonment, conviction of the accused without a jury trial would be in contravention of section 7 of the Bill of Rights, providing that, 'No person shall be deprived of life, liberty, or property, without due process of law,' because under the constitutional provisions a jury is an essential part of every tribunal for the trial of criminal cases, and such constitutional provisions place the right to trial by jury beyond the power of the Legislature to abrogate or abridge it, and it is beyond the power of the Legislature to confer jurisdiction on any tribunal to try criminal cases without providing for jury trials."

For the reason stated in the opinion in the Johnson Case, we are of the opinion that the proceedings had upon

the trial and conviction of the plaintiff in error were illegal and void, and said court was without jurisdiction to render the judgment appealed from. The judgment is therefore reversed and remanded, with direction to dismiss.

ARMSTRONG and MATSON, JJ., concur.