JACK KING v. STATE.
No. A- 3153.   Opinion Filed Aug. 14, 1920.
(191 Pac. 1118.)

Appeal from County Court, Oklahoma County; Wm. H. Zwick, Judge.

Jack King was convicted of a violation of the prohibitory law, and he appeals.   Affirmed.

S. A. Byers, for plaintiff in error.

The Attorney General and W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM.   Plaintiff in error, Jack King, was convicted on a charge of selling one-half pint of whisky and two quarts of beer to one H. L. Griffin, and in accordance with the verdict of the jury he was on the 2nd day of June, 1917, sentenced to be confined in the county jail for 90 days and to pay a fine of $100.   From the judgment he appeals.   No brief has been filed.   The record shows that the testimony of the four witnesses for the state is undisputed. An examination of the record discloses that plaintiff in error had a fair and impartial trial, and that the appeal is without merit. The judgment is therefore affirmed.

SAM MILLER v. STATE.
No. A-2725.   Opinion Filed Aug. 28, 1920.
(191 Pac. 1119.)

Appeal from County Court, Garfield County, E. L. Swigert, Judge.

Sam Miller was convicted of violating an ordinance of the city of Enid, and he appeals.   Reversed.

Adam S. Garie, for plaintiff in error.

PER CURIAM.   The plaintiff in error, Sam Miller, was convicted in the police court of the city of Enid of violating a city ordinance, and he appealed to the county court of Garfield county, where upon his trial he was again convicted, and in accordance with the verdict of the jury was sentenced to pay a fine of $5 and the costs.   From this latter judgment he appealed to this court. The penalty for the violation of the ordinance in question is a fine of not less than $5 nor more than $50.   For the reasons stated in the opinions of the court in the cases of Ex parte Johnson, 13 Okla Cr. 30, 161 Pac. 1097 and Ex parte Monroe, 13 Okla. Cr. 62, 162 Pac. 233, we are of opinion that the proceedings had upon the trial and conviction of the plaintiff in error were illegal and void. The judgment is therefore reversed and the cause remanded.