## MILES CHASTAIN v. STATE.

No. A-3487—Opinion Filed April 25, 1921.

(196 Pac. 973.)

(Syllabus.)

1. **JURY—Right to Jury Trial—Violation of City Ordinance.** The Bill of Rights of the Constitution of Oklahoma declares that: "In all criminal prosecutions the accused shall have the right of a speedy and public trial by an impartial jury of the county in which the crime shall have been committed." Const. art 2, § 20. Held, that a person prosecuted under a city ordinance for an offense which is also made a misdemeanor by statute or an ordinance, the punishment for a violation of which is or may be imprisonment, is entitled to a jury trial in the court of original jurisdiction, and to accord to the accused the right to be tried by a jury in the county court on appeal after conviction in the municipal court does not satisfy the requirements of the Constitution. In such case a judgment of conviction in the municipal court, not based upon a verdict of guilty by a jury, is void.

2. **SAME—Force of City Charters.** The constitutional guaranties intended to secure the liberty by the citizen and the right to a trial by jury cannot be evaded by the nature of the powers vested in the municipality under its charter or the nature of the jurisdiction conferred upon the municipal court.

*Appeal from County Court, Rogers County;*

*Edward Jordan, Judge.*

Miles Chastain was convicted of violating an ordinance

of the city of Collinsville in the police court, and on appeal in the county court was again convicted, and he appeals. Reversed and remanded, with direction.

*Goldesberry & Boone,* for plaintiff in error.

DOYLE, P. J. In this case the plaintiff in error was tried and convicted in the police court of the city of Collinsville on a complaint charging that he did have in his possession 38 half pints of whisky with the intent and for the purpose of selling, bartering, giving away, and otherwise furnishing the same against the ordinances of said city.

When the case was called for trial he demanded a jury trial, which was by the police judge refused, and after hearing the evidence the police judge found him guilty and sentenced him to pay a fine of $50 and the costs. From the judgment he appealed to the county court. In the county court he filed a plea in abatement calling in question the jurisdiction of the county court on the ground that the police court was without jurisdiction to try and convict the defendant on the complaint herein, which was overruled, also a demurrer, which was overruled. Upon his trial in the county court the jury found him guilty and fixed his punishment at a fine of $75, and the costs. The following judgment was rendered by the county court on the verdict:

"It is the judgment and sentence of this court that the defendant, Miles Chastain, be required to pay a fine of $75 and the costs of the cause, and in default of the payment of the fine and costs he be confined in the city jail until such fine and costs are paid in full at the legal rate per day."

To reverse the judgment he has appealed to this court. Of the various errors assigned it is only necessary

to notice the one that the police court was without jurisdiction to try the case and the county court did not acquire jurisdiction on appeal.,

In the case of *Ex parte Johnson,* 13 Okla. Cr. 30, 161 Pac. 1097, this court held:

"That a person prosecuted under a city ordinance for an offense which is also made a misdemeanor by statute, or an ordinance the punishment for a violation of which is or may be imprisonment, is entitled to a jury trial in the court of original jurisdiction, and to accord to the accused the right to be tried by a jury in the county court on appeal after conviction in the municipal court does not satisfy the requirements of the Constitution. In such case a judgment of conviction in the municipal court not based upon a verdict of guilty by a jury is void."

And that:

"The constitutional guaranties intended to secure the liberty of the citizen and the right to a trial by jury cannot be evaded by the nature of the powers vested in the municipality under its charter, or the nature of the jurisdiction conferred upon the municipal court."

For the reasons stated in the opinion of *Ex parte Johnson, supra,* the judgment is reversed, and the cause remanded to the trial court, with direction to dismiss.

MATSON and BESSEY, JJ., concur.