### Ex parte ANDY BOCHMANN.

No. A-4082.   Opinion Filed Oct. 29, 1921.
(201 Pac. 537.)

(Syllabus.)

1.    **Municipal Corporations—Prosecution in Municipal Court—Necessity for Verified Complaint.** In this state a municipal court is a constitutional court and as such is bound by the constitutional provision found in section 17 of the Bill of Rights: "Prosecutions may be instituted in courts not of record upon a duly verified complaint."

2.    **Same—Prosecutions Governed by Constitution and Laws on Criminal Procedure.** Under the federal Constitution and under our Constitution (section 17, Bill of Rights) and section 5544, R. L. 1910, and the Act of March 15, 1917 (Sess. Laws, c. 127), any prosecution for the violation of a municipal ordinance, where the punishment is or may be imprisonment, involving a fine and costs in excess of $20 is an action criminal in its nature. and, as such, is governed by the Constitution and laws relating to criminal procedure, so far as applicable.

3.    **Same—Necessity for Verified Written Complaint.** That part of section 650, R. L. 1910, providing that "The complaint when made by the marshal, assistant marshal or regular policeman against any person arrested without process * * * need not be in writing," is in conflict with section 17 of the Bill of Rights. Held, that all prosecutions of a criminal nature should be maintained upon a verified written complaint.

4. **Jury—When City Court May Try Without Jury.** A municipal court in this state may summarily and without a jury impose a fine and costs not in excess of $20 and may imprison the accused for the nonpayment of such fine and costs, but not where the punishment is or may be imprisonment, or is or may be a fine and costs in excess of this sum.

5. **Municipal Corporations—Vagrancy—Police Regulations Consistent with State Laws.** Vagrancy is made an offense by general law, as well as by the ordinances of the city of Lawton. A municipality may enact police regulations not inconsistent with general laws on the same subject. The municipality may move in the same direction as the Legislature, but not contrary to nor in an opposite direction.

Andy Bochmann was convicted of vagrancy in violation of an ordinance of the city of Lawton, Okla., and sentenced to a fine of $20 and costs amounting to $6, in default of which he was committed to the city jail, and he applied to the county court of Comanche county for a writ of habeas corpus, which was denied, whereupon he filed an application in this court for habeas corpus. Writ allowed, and respondent ordered to release petitioner.

C. R. Reeves, for petitioner.

E. L. Fulton, Asst. Atty. Gen., ad S. I. McElhoes, for respondent.

BESSEY, J. Andy Bochmann, hereinafter referred to as the petitioner, was on the 3d day of September, 1921, convicted of vagrancy, in violation of a city ordinance of the city of Lawton. This ordinance was passed as an emergency measure by the board of commissioners on the day preceding the conviction. The penalty assessed was a fine of $20 and costs amounting to $6, and in default of the payment of this fine and costs the petitioner was committed to the city jail of Lawton, there to be held until the fine and costs should be paid. Application was made to the county court of Comanche county for a writ of habeas corpus, which application was denied, whereupon this application was filed in this court.

From the record before us it appears that this arrest and conviction was one of a series against this petitioner; that a former ordinance had provided for a maximum penalty of a fine of $100 and imprisonment for a period of 30 days. From an arrest and imprisonment under the latter named ordinance the petitioner was, on the 2d day of September, 1921, discharged by a writ of habeas corpus granted by the county court of Comanche county. Upon the same day the emergency ordinance here in controversy was passed, the scope and terms of both ordinances being the same, except that the later one reduced the maximum penalty for its violation to a fine of $20 and costs. This ordinance provides, as follows:

"An ordinance defining vagrancy, prescribing a penalty therefor, and declaring an emergency.

"Be it ordained by the board of commissioners of the city of Lawton, Oklahoma:

"Section 1. The following persons are vagrants within the meaning of this ordinance:

"First. An idle person who lives without any means, or who has no visible support and makes no exertion to obtain a livelihood by honest employment.

"Second. Any person who strolls or loiters idly about the streets of the city of Lawton, having no local habitation and no honest business or employment.

"Third. Any person who strolls about to tell fortunes or to exhibit tricks not licensed by law.

"Fourth. Any common prostitute, any manager or controller of a house of prostitution or ill fame or any one employed therein as barkeeper, caller of figures for dances, or habitual frequenters thereof.

"Fifth. Any professional gambler or gambler commonly known as a tin-horn gambler, card player, or card sharp.

"Sixth. Any person who goes about to beg alms, who is not afflicted or disabled by a physical malady or misfortune.

"Seventh. Any habitual drunkard.

"Eighth. Any person who abandons or neglects or refuses to support his family.

"Section 2. Any person violating any of the provisions of the above and foregoing sections shall be fined in any sum not exceeding $20.

"Section 3. It being immediately necessary for the preservation of the public peace, health and safety, an emergency is hereby declared to exist, by reason of which this ordinance shall take effect and be in full force and effect from the date of its passage.

"Passed this 2d day of September, 1921."

The petitioner here contends:

(1). That the ordinance is void because it was never published nor enrolled.

(2). That the municipal court had no jurisdiction of the petitioner because there was no written verified complaint filed against him.

(3). That the alleged judgment of conviction rendered and entered was void, for the reason that the petitioner was not informed of the specific accusation against him and that no witnesses were sworn and no testimony was introduced, and that he had no trial as contemplated by the Constitution and laws of this state.

(4). That the petitioner was arrested without a complaint showing probable cause and without a warrant, at a time when he was not engaged in the commission of an offense and not having been charged with nor suspected of committing a felony.

(5). That the petitioner was denied the right of a trial by jury.

As to the claim that the ordinance under which petitioner's arrest was made is void because it had not been published nor enrolled at the time of the arrest, it seems that the publication was not necessary under the provisions of section 40 of the charter of the city of Lawton. This court will take judicial notice of the provisions of municipal charters in this state. Section 40 of the charter, among other things, provides:

"An emergency ordinance shall take effect and be in force immediately upon its passage."

It is true that the law and the charter contemplate that all ordinances shall be recorded at length by the clerk in an ordinance book immediately after their passage, but this is a ministerial duty of the clerk, the omission of which will not affect the validity of the ordinance. Marth v. City of Kingfisher, 22 Okla. 602, 98 Pac. 436, 18 L. R. A. (N. S.) 1238.

The only written record, file, or document appearing in this case appears to be the police court docket, as follows:

Police Court Docket

City of Lawton, Oklahoma, Plaintiff, v. Andy Bochmann,
Defendant
Case No. 964.

————————————,
     City Attorney.

Carl Froneberger, Witness.
———— Logan, Witness.

In the Police Court of the City of Lawton, State of Okla. Before ————, Police Judge. ————, Acting Police Judge.

And now on this 3d day of September, 1921, comes the defendant, arrested by Policeman Logan, upon warrant issued upon witness complaint (or upon verbal charge of said offi-

cer) alleging that said defendant did within the corporate limits of said city unlawfully and willfully violate ordinance No. ———— in the following manner, to wit, vagrancy.

And said defendant being arraigned at the bar and demanded of how he would acquit himself, for plea says he is not guilty.

Therefore the court finds that the defendant is guilty as charged and it is ordered by the court that the said defendant pay a fine of $20, together with the costs of this case taxed at $6, and serve ———— days in the city jail and the defendant stand committed until fine and costs are paid.

John Manning, Police Judge.

It is conceded that there was no formal written complaint, verified or otherwise, made in this case.

Section 1, art. 7, of the Constitution provides:

"The judicial power of this state shall be vested in the Senate, sitting as a court of impeachment, a Supreme Court, district courts, county courts, courts of justices of the peace, municipal courts, and such other courts, commissions or boards, inferior to the Supreme Court, as may be established by law."

· · Section 647, R. L. 1910, provides that the police judge shall have original exclusive jurisdiction to hear and determine all offenses against the ordinances of the city.

Section 17 of the Bill of Rights provides:

"Prosecutions may be instituted in courts not of record upon a duly verified complaint."

From section 1, art. 7, of the Constitution, quoted above, it will be seen that the municipal court is a constitutional court, and it would seem that the constitutional provision requiring a verified complaint is mandatory upon such a court. This conclusion is confirmed by the provisions of section 1, c. 147,

Session Laws of 1915, as amended by Act March 15, 1917 (Session Laws, p. 190). Section 1, c. 147, Session Laws of 1915, is as follows:

"The term 'municipal courts' as herein used is hereby defined to mean and include all the courts of the state of Oklahoma, organized and existing in the various towns and cities thereof which shall have and possess, under the laws of the state, original jurisdiction to hear and determine offenses against the ordinances of municipalities, and an 'offense' is hereby defined to mean the doing of some act or the failure to perform some duty, commanded by some municipal ordinance or by law and for the violation of which a penalty or punishment is provided thereby. Such proceedings are hereby declared to be criminal in their nature; and except as otherwise specifically provided, shall be governed by, and subject to, general laws relating to criminal procedure."

So the law stood until the act of March 15, 1917, was passed, entitled "An act amending sections 1, 3, 4 and 6, and repealing section 11 of the act of 1915," etc. Section 1 of this amendatory act is as follows:

"The term municipal courts, as herein used, is hereby defined to mean and include all courts in the state of Oklahoma, organized and existing in the various towns and cities thereof, that shall have and possess under the Constitution and laws of the state, original jurisdiction to hear and determine offenses against ordinances of municipalities, and offense is hereby defined to mean the doing of some act prohibited, or the failure to perform some duty commanded by the municipal ordinances, and for the violation of which a penalty or punishment is provided. It is further provided that in the trial of all cases in said municipal courts where the offense as defined by the city ordinance is punishable by a fine only, the defendant shall be tried without a jury, but in all cases where the defendant is charged with the violation of a city ordinance, and where said offense may be punishable by imprisonment, the defendant shall be entitled to a trial by a jury in the justice of the peace court within said city, *  *  * and it shall

be the duty of the city attorney to prosecute said offense in such justice of the peace or county court in the name of the city, said jury to be drawn and selected in the justice court in the same manner as provided by law for juries in said justice of the peace courts, and each juryman shall receive fifty (50) cents per day for each trial, same to be taxed as costs in the case and jury trials in the county court to be conducted in all respects the same as now provided therein. All fines collected by the justice of the peace or county court in the trial of such cases shall be paid to the city treasurer and his receipt taken therefor, and all such fines shall be credited to the general fund of such city. And, provided further, that when any person is arrested, charged with any offense as herein defined, he shall be taken forthwith before the municipal judge, the county judge, or some justice of the peace having jurisdiction, and the amount of his bail shall be fixed and an opportunity given him to make such bail, and such judge or justice of the peace shall admit said defendant to bail in the amount and manner provided by the ordinance of said city.''

While this amendatory section does not in specific terms state that a violation of a city ordinance is criminal in its nature, the declaration that ''an offense is hereby defined to mean the doing of some act prohibited or failure to perform some duty commanded by the municipal ordinances, and for the violation of which a penalty or punishment is provided,'' considered with the other provisions of this act indicates that the proceeding is criminal in its nature in every case, excepting mere petit offenses, in which the punishment is or may be imprisonment.

Section 4646, R. L. 1910, provides:

''Actions are of two kinds: First, civil; second, criminal.''

Section 5544, idem, defines a criminal action thus:

''The proceeding by which a party charged with a public offense is accused and brought to trial and punishment, is known as a criminal action.''

Taking into consideration the provisions of the Code of Criminal Procedure, together with the Constitution and statutory enactments relating to municipal courts, we cannot conceive how any action in which an accused will or might be subjected to imprisonment on any charge amounting to more than a mere petit offense can be anything but a criminal action. It has been so decided by this court in a number of cases. To review the reasons and arguments here in detail would extend this opinion unnecessarily. Those who desire to analyze the reason for such holding are referred to the following decisions of this court: Ex parte Tom Johnson, 13 Okla. Cr. 30, 161 Pac. 1097; Ex parte Monroe, 13 Okla. Cr. 62, 162 Pac. 233; Ex parte Doza, 13 Okla. Cr. 287, 164 Pac. 130; Ex parte Gownlock, 13 Okla. Cr. 293, 164 Pac. 130; Ed Franks v. City of Muskogee, 14 Okla. Cr. 391, 171 Pac. 492; City of Blackwell v. Burgett, 14 Okla. Cr. 682, 166 Pac. 442; Miller v. State, 17 Okla. Cr. 734, 191 Pac. 1119; Ex parte Joe King, 13 Okla. Cr. 51, 161 Pac. 1102.

In the King Case, in the Franks Case, and in the Blackwell Case, the offenses charged were not crimes under the statutes; in all the other cases cited the offense made so by ordinance was also a violation of statutory law, but this court has made no distinction in this regard. The test as to whether or not the accused is entitled to a jury is whether or not the punishment will or might be imprisonment, or a fine and costs in excess of $20, for the nonpayment of which the accused may be imprisoned. In other words, a municipal court, under the holdings of this court, may summarily and without a jury impose a fine and costs not in excess of $20, and may imprison the accused for the nonpayment of such fine and costs, but not where the punishment is or may be imprisonment, or is or may be a fine and costs in excess of this sum. Ex parte Johnson, 20 Okla. Cr. 66, 201 Pac. 533.

Section 650, R. L. 1910, provides:

"The complaint, when made by the marshal, assistant marshal or regular policeman against any person arrested without process and in custody, need not be in writing."

Section 5654, R. L. 1910, provides how a peace officer may make an arrest without a warrant, as follows:

First. For a public offense, committed or attempted in his presence.

Second. When the person arrested has committed a felony, although not in his presence.

Third. When a felony has in fact been committed and he has reasonable cause for believing the person arrested to have committed it.

Fourth. On a charge, made upon reasonable cause, of the commission of a felony by the party accused.

Every person accused of an offense, under the Constitution and statutes of this state, has a right to be informed of the nature and cause of the accusation against him. He has a right to be represented by counsel and to have compulsory process to obtain witnesses in his behalf. It is difficult to see how this can be safely and orderly accomplished without a definite written accusation or complaint. McQuillin on Municipal Ordinances, §§ 305 and 306.

Doubtless it was for this reason that our Constitution provides for a verified written complaint, and a written complaint is required in municipal courts in nearly all of the states. The exceptions, so far as we are able to ascertain, are in Nevada, Massachusetts, and Arkansas, where a complaint may be made orally and made a matter of record by the police magistrate. 3 McQuillin on Municipal Corporations, § 1045 and notes.

There are many loose, general statements in the books as to the authority of a peace officer to make an arrest for a misdemeanor without a warrant. At common law officers

had power to arrest for the commission of a misdemeanor when the offense was committed in the presence of the officer. Our statutes on this subject follow the common law. This rule, of course, does not apply where the accused is charged with or suspected of a felony.

If a prosecution in a municipal court, under our Constitution and statutes, may be maintained without a written complaint against one in custody, arrested without a warrant, it necessarily follows that such arrest and custody must be for an offense committed or attempted in the presence of the officer. Otherwise, the arrest and detention of the accused would be in violation of both the Constitution and the statutes. It may be that the offense of vagrancy, according to the several definitions of the offense contained in the ordinance, could be committed in the presence of the arresting officer. Upon this point the record in this case is silent, and to obviate such uncertainties and possible miscarriage of justice there should be some kind of complaint or written accusation to promote and facilitate an orderly investigation of a specific, definite charge, to which the accused could intelligently plead and from which he could appeal if he so desired.

Where the Constitution and statutes touching upon the same proposition are in conflict, and irreconcilably so, the Constitution must of course prevail. This is especially true where the constitutional provision is definite, certain, and mandatory, evincing a clear policy intended by the framers of the Constitution, and where such policy is salutary and reasonable.

In this country every person accused of an offense must be given an opportunity to defend himself. He has the right of being confronted with his accusers and of being apprised of the accusations against him. This is a maxim of natural justice, dear to every human heart and associated with every principle of our jurisprudence. Conviction founded upon ex

parte accusations is the most terrible species of despotism that the human mind can conceive. It is not only a violation of the most obvious dictates of common law, but it is destitute of every principle by which the social compact is supported. 3 McQuillin on Municipal Corporations, § 1036 and notes.

We hold, therefore, that in all cases involving a penalty for the violation of a municipal ordinance, pending before a municipal judge, prosecutions should be predicated and maintained upon a verified written complaint.

The petitioner contends that no witnesses were sworn and no testimony introduced, and the record of the proceedings and admissions of counsel might bear out this contention. Otherwise the record is silent upon this question.

"In no case shall a judgment of conviction be rendered, except upon sufficient legal testimony given at a public trial, or upon a plea of guilty made in open court." Section 650, R. L. 1910.

In courts not of record there should be a showing that this provision of the statute was observed. Presumptions of the regularity of proceedings of courts of record do not apply to municipal courts and other courts not of record.

Under the conditions here the petitioner was imprisoned for a nonpayment of a fine and penalties in excess of $20, and, following the rule laid down by this court in other decisions, the petitioner has a right to a trial by jury, and under the circumstances here such right to trial by jury was not waived.

For the reasons stated the writ is allowed, and the respondent is ordered to release the petitioner.

DOYLE, P. J., and MATSON, J., concur.