## DAN WARD v. CITY OF TULSA.

No. A-3954.    Opinion Filed June 23, 1923.
(216 Pac. 173.)

(Syllabus.)

1.    **Jury—Summary Trial for Petty Offense.** The offense charged was a mere petty offense; the offender could be tried and punished summarily without a jury.

2.    **Statutes—Act Invalid Only in Part.** An invalid clause or paragraph in an otherwise valid statute will not invalidate the whole act, where the valid portions are susceptible of reasonable enforcement.

3.    **Gaming—Evidence Not Sustaining Conviction.** The evidence examined and held insufficient to support the conviction.

Appeal from Municipal Criminal Court of City of Tulsa; F. D. Prentice, Judge.

Dan Ward was convicted of conducting a gambling game, and he appeals. Reversed.

Munroe, Nicodemus & Dunn, for plaintiff in error.

Frank E. Duncan and A. C. Sinclair, for defendant in error.

BESSEY, J. Plaintiff in error was charged by information and convicted in the municipal criminal court of Tulsa, Oklahoma, for a violation of a city ordinance making it unlawful for any person to conduct or cause to be conducted a gambling game, and his punishment was assessed at a fine of $19 and $1 costs. Although no showing is made to that effect, we assume that the punishment assessed was the maximum punishment provided by this ordinance. From the judgment so rendered plaintiff in error appeals to this court.

C. C. Logan, the officer who arrested the plaintiff in error, testified that Ward was interested in the Stag Pool Hall in Tulsa, Okla.; that Logan was present in this resort between the hours of 6 and 7 on the evening of the 24th day of January,

1921, when he watched some men who were there playing pool, and that they placed wagers upon the result of the games; that he and another officer arrested two of these men for gambling, and that they afterwards pleaded guilty to the charge and paid a fine; that Ward, joint owner of the pool hall, was not present at the time these games were in progress. There was other testimony, to the effect that Ward was not in or about the pool hall at this time, and there was no testimony indicating that he or his agents had anything to do with the wagers placed, except that he was part owner of the resort.

Appellant first urges that the act creating the municipal criminal court of the city of Tulsa, being chapter 199, Session Laws 1919, is void because it makes no adequate provision for trial by jury.

If it be true that the statutory provisions for obtaining a' jury in the municipal court are void or impossible to execute, that fact alone would not ordinarily invalidate the other portions of the statute. Furthermore this objection cannot be consistently urged in this case, inasmuch as the penalty assessed against plaintiff in error, including the costs, did not exceed the amount of $20. The offense charged was a mere petty offense; the offender could be tried and punished summarily without a jury. Ex parte Johnson, 20 Okla. Cr. 66, 201 Pac. 533; Ex parte Bochmann, 20 Okla. Cr. 78, 201 Pac. 537; Ex parte Tom Johnson, 13 Okla. Cr. 30, 161 Pac. 1097; Chastain v. State, 18 Okla. Cr. 565, 196 Pac. 973.

It is next contended that the evidence is insufficient to support the judgment of conviction. On this point the Attorney General has confessed error, and we thing the confession of error is well taken. There was no evidence that plaintiff in error knew of this gambling, or that he directly or indirectly authorized it or in any way acquiesced in the carrying

on of gambling games in his place of business. On the contrary, there was evidence tending to show that he exercised reasonable care to prevent games of chance and the placing of wagers upon games in his place of business. The mere fact that some men playing pool in his resort in his absence bet on the results of the games is not of itself sufficient to authorize the conviction of plaintiff in error of conducting a gambling game.

The judgment of the trial court is reversed.

MATSON, P. J., and DOYLE, J., concur.