## GUS KEY v. CITY OF ARDMORE.

No. A-4352.    Opinion Filed April 1, 1925.
(234 Pac. 793.)

(Syllabus.)

1.    **Constitutional Law—Municipal Corporations—Appeal Lies from Conviction of Violation of Ordinance to County Court—Statutes Giving Cities Power to Enact Ordinances Punishing Misde-**

meanors **Held Valid.** The Legislature has delegated to urban communities the power to aid the state in keeping the peace, and has provided for the enactment of penal ordinances punishing offenses commonly termed misdemeanors and for appeals to the county court, and finally to this court; and the delegation of these functions was expressly and by implication authorized by the Constitution.

2. **Constitutional Law—Statute not Declared Unconstitutional, Except in Cases Free from Doubt.** Courts will not declare a statute unconstitutional except in clear and urgent cases—cases so clear as to be free from doubt.

3. **Constitutional Law—Power of Legislature to Delegate Authority to Inferior Courts or Enlarge Jurisdiction of Existing Courts.** The Legislature may delegate authority to inferior courts and provide for their jurisdiction, or enlarge the jurisdiction of existing courts, so long as the changes made are in no way in conflict with some fixed constitutional limitation.

Appeal from County Court, Carter County; M. F. Winfrey, Judge.

Gus Key was convicted of violating a municipal ordinance of the city of Ardmore, and he appeals from an order of the county court dismissing his appeal thereto. Reversed and remanded.

Chas. A. Coakley and Thos. Norman, for plaintiff in error.

R. B. Brown, City Atty., for defendant in error.

BESSEY, P. J. The plaintiff in error, Gus Key, was convicted of violating a municipal ordinance of the city of Ardmore by having illegal possession of whisky, with his punishment assessed at a fine of $19 and costs amounting to $1. From this judgment rendered in the municipal court, he appealed to the county court. The county court held that it was without jurisdiction to entertain the appeal and made an order dismissing the cause. From the judgment dismissing the appeal, plaintiff in error has appealed to this court.

The defendant in error, the city of Ardmore, claims that the county court of Carter county is without jurisdiction to entertain an appeal from a judgment of conviction for violating a municipal ordinance, in this case, prescribing a punishment for the illegal possession of whisky. The city attorney claims that this was not a "criminal action," within the meaning of sections 2346 and 2347, Comp. Stat. 1921, and that the action is therefore a civil action; and that an appeal, if authorized by law, must be lodged and prosecuted in the district court and not in the county court.

The sections of the statute mentioned read as follows:

"The proceeding by which a party charged with a public offense is accused and brought to trial and punishment is known as a criminal action.

"A criminal action is prosecuted in the name of the state of Oklahoma as a party against the person charged with the offense."

These statutory provisions must be construed with other provisions of the Statutes and of the Constitution, relating to crimes and penalties and methods of appeal, some of which are as follows:

Section 1500, C. S. 1921:

"No act or omission shall be deemed criminal or punishable except as prescribed or authorized by this code. The words 'this code' as used in the 'penal code' shall be construed to mean 'statutes of this state.' "

Section 1501, Id.:

"A crime or public offense is an act or omission forbidden by law, and to which is annexed, upon conviction, either of the following punishments:

"First. Death.

"Second. Imprisonment.

"Third. Fine.

"Fourth. Removal from office; or

"Fifth. Disqualification to hold and enjoy any office of honor, trust or profit under this state."

Section 1, art. 7, Constitution of Oklahoma:

"The judicial power of this state shall be vested in the senate, sitting as a court of impeachment, a Supreme Court, district courts, county courts, courts of justices of the peace, municipal courts, and such other courts, commissions or boards, inferior to the Supreme Court, as may be established by law."

A part of section 12, art. 7, provides:

"It [the county court] shall have such appellate jurisdiction of the judgments of justices of the peace in civil and criminal cases as may be provided by law, or in this Constitution."

It will be seen that the Constitution provides for municipal courts, and section 4652, C. S. 1921, provides as follows:

"The term 'municipal courts,' as herein used, is hereby defined to mean and include all courts in the state of Oklahoma, organized and existing in the various towns and cities thereof, that shall have and possess under the Constitution and laws of the state, original jurisdiction to hear and determine offenses against ordinances of municipalities, and offense is hereby defined to mean the doing of some act prohibited, or failure to perform some duty commanded by the municipal ordinances, and for the violation of which a penalty or punishment is provided."

In the year 1915 a statute was enacted providing for appeals from municipal courts, being section 4653, Comp. St. 1921, as follows:

"In all cases before a municipal court, except a judgment rendered on confession, an appeal may be taken by the defendant to the county court, and to such court only, where the trial thereof shall be had de novo on questions of both law and fact."

In the year 1917 provision was made for appeals from

judgments in municipal cases in the county court to the Criminal Court of Appeals as follows:

"Appeals may be taken from the county court to the Criminal Court of Appeals from the judgment of such county court in the same manner as appeals in criminal cases are now prosecuted from the county court to the Criminal Court of Appeals." Comp. St. 1921 § 4657.

No matter what the law may have been prior to the year 1915, since that time the Legislature has delegated to urban communities the power to aid the state in keeping the peace and has provided for the enactment of penal ordinances punishing offenses commonly termed misdemeanors and for appeals to the county court, and finally to this court; and the delegation of these functions was expressly and by implication authorized by the Constitution.

In the early history of the United States Supreme Court, that court established the principle that courts will not declare a statute unconstitutional except in clear and urgent cases—cases so clear as to be free from doubt. 6 R. C. L. 75, and cases cited.

Applying that rule here, the statute authorizing appeals from penal judgments in municipal courts to the county court shall be upheld if it can be done by any rational construction. The powers delegated by the state to municipalities to enact penal ordinances to aid the state to keep the peace cannot, under the Constitution and laws now existing, be construed as a part of our system of civil procedure. The violation of a penal ordinance is at least quasi criminal—usually denominated a misdemeanor. Ex parte Bochmann, 20 Okla. Cr. 78, 201 P. 537; Ex parte Johnson, 13 Okla. Cr. 30, 161 P. 1097; Ex parte Monroe, 13 Okla. Cr. 62, 162 P. 233; Franks v. City of Muskogee, 14 Okla. Cr. 391, 171 P. 492.

The statute designates a prosecution for a violation of

a city ordinance as "offense," and authorizes the imposition of a fine and costs, which may carry with it imprisonment; provides for the issuing of a commitment, the issuance of warrants of arrest and criminal complaints, and for pleas of a criminal nature.  Section 4639, Comp. Stat. 1921.

This is, we think, a proper delegation of authority to the municipality by the law-making power of the state. The provisions of the Constitution, section 12, art. 7, supra, in no way limit the authority of municipal courts or affect the mode of appeal from judgments therein rendered.  And where there is no constitutional prohibition the Legislature may delegate authority to inferior courts and provide for their jurisdiction, or enlarge the jurisdiction of existing courts, so long as the changes made are in no way in conflict with some fixed constitutional limitation.  State v. Hooker, 22 Okla. 712, 98 P. 964; Burks v. Walker, 25 Okla. 353, 109 P. 544.

This court has in a number of instances entertained appeals from the county courts of this state imposing penalties for the violation of municipal ordinances.  Miller v. State, 17 Okla. Cr. 734, 191 P. 1119; City of Blackwell v. Burgett, 14 Okla. Cr. 682, 166 P. 442; Franks v. City of Muskogee, 14 Okla. Cr. 391, 171 P. 492.

The appellate jurisdiction of the county court was not challenged in any of the cases just cited, but even so, this court could not entertain an appeal from a judgment rendered in a county court upon a conviction for a violation of a municipal ordinance, unless the county court was invested with jurisdiction to try such an offense on appeal from the municipal court; so that, inferentially, at least, this court held in those cases that an appeal may be taken in such cases from a municipal court to the county court, and finally from the county court to this court.

This court held in the Blackwell Case that the munici-

pality could not appeal, for the reason that appeals are of statutory origin and the statute made no provision for an appeal by a municipality. But the statute does provide that an appeal may be taken by the accused. Section 4653, Comp. Stat. 1921.

For the reasons stated, the holdings that an action based upon a violation of a city ordinance is a civil action, in the cases of Fortune v. Town of Wilburton, 142 F. 114; 73 C. C. A. 338, 4 L. R. A. (N. S.) 782, 6 Ann. Cas. 565; Everts v. Town of Bixby, 24 Okla. 176, 103 P. 621, and McKee v. De Graffenreid, 33 Okla. 136, 124 P. 303, will not apply here.

No opinion is expressed as to the validity of the ordinance on which this prosecution was based, or as to whether the original process issued was sufficient to acquire jurisdiction.

The judgment of the county court dismissing the appeal and the order remanding the case to the municipal court for execution are ordered vacated and set aside, and the cause is remanded to the county court of Carter county for further proceedings de novo not inconsistent with this opinion.

DOYLE, J., concurs.

EDWARDS J., absent and not participating.