## Ex parte H. B. ZOBISCH.

No. A-5530. Opinion Filed Nov. 28, 1925.
(240 Pac. 1102.)

See, also, 29 Okla. Cr. 288, 233 P. 766.

A. G. Morrison, for petitioner.

The Attorney General, for the State.

BESSEY, P. J. The petition states that the petitioner is restrained of his liberty by Henry Law and Roy Brewer, sheriff and deputy sheriff respectively, of Blaine county; that the cause of said restraint, as petitioner has been informed, is on account of a prosecution begun in the city of Geary for a violation of a city ordinance providing for an occupation tax, and for which he was convicted in the county court of Blaine county.

The penalty prescribed for a violation of this ordinance was a fine of not less than $100 nor more than $200 and for imprisonment of the offender until the fine and costs should be paid. At the trial before the police magistrate the petitioner demanded a jury, which was by the court allowed. After the jury was summoned, the petitioner objected to the jurisdiction of the police magistrate, for the reason that the penalty prescribed by the ordinance was beyond his jurisdiction to impose. After a verdict of guilty the police magistrate certified the case to the county court, stating that he had set aside the verdict of the jury and that "the law provides that said cause should be certified to the county court of Blaine county."

In the county court the petitioner again objected to the jurisdiction of the court, where the objection was again overruled. The trial proceeded, resulting in a conviction, with the penalty assessed at a fine of $100 and costs and imprisonment until the fine and costs should be paid. From his incarceration under this conviction the petitioner asks that he be discharged.

In the case of Ex parte Daugherty, 21 Okla. Cr. 56, 204 P. 937, it was held that section 1, c. 147, Session Laws 1915, as amended by Session Laws 1917, p. 190, c. 127, providing for the trial of municipal offenses before a justice of the peace or the county court, is inoperative, as being in conflict with section 57, article 5, of the Constitution of this state, providing that every act shall embrace but one subject which shall be clearly expressed in the title. Moreover, this act did not provide for a transfer from the magistrate's court to the justice of the peace or county court.

It is not necessary to decide whether this prosecution might be considered as an original one in the county court, because the record discloses that the prosecution was commenced in the municipal court. And when the magistrate decided that he was without jurisdiction to assess a fine of

$100, coupled with imprisonment for its nonpayment, he could not, by an unauthorized transfer of the case to the county court, confer jurisdiction on that court.

It has been held in numerous cases that it is beyond the power of a police magistrate, as the law now stands in this state, to enforce a penalty for the violation of an ordinance where the punishment may be a fine in excess of $20 for the nonpayment of which the accused may be imprisoned. Ex parte Daugherty, supra, and cases therein cited; Ex parte Johnson, 20 Okla. Cr. 66, 201 P. 533; Ex parte Bochmann, 20 Okla. Cr. 78, 201 P. 537.

It follows, therefore, that the county court was without jurisdiction for two reasons: First, that the magistrate had no jurisdiction of the offense in the first instance, and could confer no jurisdiction when he had none; and, second, that there is no authority in law for the transfer of a criminal prosecution pending before a municipal court to the county court.

The writ is allowed, and the petitioner discharged.

DOYLE and EDWARDS, JJ., concur.