City of Omaha v. Harmon.

## City of Omaha v. Luther A. Harmon.

### Filed March 22, 1899.   No. 8779.

1. **Taxation: Enforcement: Construction of Statute.** When the law imposing a tax provides a special remedy for enforcing it, the method so provided is generally exclusive, and if the only method adopted be illegal, the courts cannot substitute a different and legal method. Following *German-American Fire Ins. Co. v. Minden,* 51 Neb. 870.

2. **Municipal Corporation: Occupation Tax: Void Ordinance.** A city ordinance imposed an occupation tax and provided only an illegal method for its enforcement. *Held,* That the whole ordinance was thereby rendered inoperative. `Following *German-American Fire Ins. Co. v. Minden,* 51 Neb. 870.

Error from the district court of Douglas county. Tried below before Ferguson, J.   *Affirmed.*

*W. J. Connell* and *Lee S. Estelle,* for plaintiff in error.

*Congdon & Parish, contra.*

Ryan, C.

In this case Luther A. Harmon recovered judgment for the amount of taxes by himself and his assignors paid the city of Omaha under protest. The ordinance, in compliance with the provisions of which these payments were made, was entitled "An ordinance to permit and regulate coal dealers in the city of Omaha and to repeal General Ordinance No. 1991." In the ordinance entitled as above every firm, person, or corporation was required, before engaging in the sale of coal, to pay a permit fee each year of $100. The failure to comply with the requirements of the ordinance subjected the offender to a fine of not less than five nor more than one hundred dollars for each offense.

The questions presented by the record were fully considered and determined in *German-American Fire Ins. Co. v. Minden,* 51 Neb. 870. It is therefore unnecessary for

us at this time to do more than restate the conclusions therein announced, and this restatement we shall make by quoting the fourth and fifth paragraphs of the syllabus, as follows:

"4. When the law imposing a tax provides a special means for enforcing it, the method so provided is generally exclusive, and if the only method adopted be illegal, the courts cannot substitute a different and legal method.

"5. A city ordinance imposed an occupation tax, and provided only an illegal method for its enforcement. *Held,* That the whole ordinance was thereby rendered inoperative."

From the same application of these principles as was made in the case cited it results that the ordinance requiring the payment of this tax was invalid, and the judgment of the district court rendered on that theory is

AFFIRMED.