THE CITY OF JACKSONVILLE, Appellant, *vs.* THE CHICAGO
AND ALTON RAILROAD COMPANY, Appellee.

*Opinion filed June 22, 1916.*

1. MUNICIPAL CORPORATIONS—*power of city to pass ordinance
to carry prohibitory ordinances into effect.* The power of a city to
prevent the selling or giving away of intoxicating liquors is not
limited merely to the passage of an ordinance forbidding the sale,
but the council is expressly authorized to pass any reasonable ordi-
nance to render the prohibitory ordinances effective which does
not unreasonably impair property rights or invade the constitu-
tional and statutory rights of individuals.

2. SAME—*the Local Option law does not prohibit the possession
and use of intoxicating liquor.* The Local Option law is directed
against the selling of intoxicating liquor in anti-saloon territory
and does not prohibit the ownership, possession and use of such
liquor, nor does it confer power upon cities, towns or villages to
pass ordinances which prohibit such lawful use and possession.

3. SAME—*city has no power to prevent a common carrier from
bringing liquor into city.* A city which is anti-saloon territory has
not been given the power to prohibit, by ordinance, the bringing of
intoxicating liquor into the city by a common carrier without ref-
erence to the use for which the liquor is intended.

APPEAL from the Circuit Court of Morgan county; the
Hon. NORMAN L. JONES, Judge, presiding.

JAMES H. DANSKIN, (JOHN J. REEVE, City Attorney,
of counsel,) for appellant.

KIRBY, WILSON & BROCKHOUSE, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The city of Jacksonville brought an action in debt
against the Chicago and Alton Railroad Company to re-
cover penalties for the violation of an ordinance of the
city and has appealed from the judgment in favor of the
defendant.

The city of Jacksonville is organized under the general
law for the incorporation of cities, and since November,
1907, has been anti-saloon territory. On July 8, 1912, the

city council passed an ordinance making it unlawful to sell, keep for sale, barter, exchange, give away or in any manner dispose of, or take an order or make an agreement for the sale or delivery of, any intoxicating liquor or spirituous, vinous, malt or fermented liquor, or any mixture of any of said liquors, or any drinks which contain any spirituous, vinous, malt or fermented liquor. In December, 1913, an ordinance was passed which provided that "it shall be unlawful for any express company, railway company or other common carrier, or for any person, to bring into or to deliver to any person within the city of Jacksonville any intoxicating liquor." The suit was brought for a violation of this latter ordinance. On September 13, 1915, the Meyer Brewing Company, situated in Bloomington, Illinois, which was within anti-saloon territory, sold to P. J. White one case of beer for delivery in the city of Jacksonville, and on September 14, 1915, the defendant brought the case of beer from Bloomington to Jacksonville and in the latter place delivered it to the purchaser, who with his family consumed it as a beverage. The defendant was clearly guilty of a violation of the terms of the ordinance, but it is contended that the ordinance was void, and the court so held. An appeal was taken to this court on the ground that the validity of the ordinance was involved, the court certifying that the public interest so required.

City councils are authorized by paragraph 46 of section 1 of article 5 of the Cities and Villages act to license, regulate and prohibit the selling or giving away of any intoxicating, vinous, malt, spirituous or fermented liquor; by paragraph 59 to prevent intoxication; by paragraph 66 to regulate the police of the city and to pass and enforce all necessary police ordinances; and by paragraph 98 to pass all ordinances and make all regulations proper or necessary to carry into effect the powers granted cities or villages. The power to prevent the selling or giving away of intoxicating liquors is not limited merely to the passage of an

ordinance forbidding the sale, but the council is expressly authorized by paragraph 98 to pass all ordinances proper or necessary to carry the prohibition into effect, and it had the power, therefore, to pass any reasonable ordinance adapted to that end which it might deem necessary and which did not unreasonably impair property rights or invade the constitutional or statutory rights of individuals. It is contended on the part of the appellant that the ordinance prohibiting the bringing of intoxicating liquor into the city was adapted to prevent the sale of intoxicating liquor, and, on the other hand, it is claimed that such ordinance was an unreasonable interference with property rights and was beyond the power of the council to pass.

Intoxicating liquor is recognized as property which may be the subject of ownership in this State, and the legislature has not authorized its destruction by municipalities by means of ordinances which prohibit the lawful use and possession of it. The act providing for the creation of anti-saloon territory has not changed this rule or increased the powers of city councils or village boards of trustees in this respect. On the contrary, the act expressly recognizes the right of property in intoxicating liquor. It makes its sale unlawful in territory which by vote of the people has become anti-saloon territory, but even in such territory intoxicating liquor may still, under certain conditions, be manufactured, owned, used and sold. License may be granted for its sale for medicinal, mechanical, sacramental and chemical purposes, subject to the restrictions mentioned in the statute, and by section 18 of the act it is provided that nothing in it shall be construed to forbid or prevent the sale at wholesale, by a manufacturer who manufactures from raw materials, of the produce of his own manufactory located within anti-saloon territory for delivery outside the limits of such territory. A brewery or distillery located in anti-saloon territory may manufacture intoxicating liquors and sell its product in anti-saloon territory for delivery out-

side of anti-saloon territory. No license is required for this purpose and the municipality has no power to prevent it. There is no statute in this State prohibiting the manufacture or the transportation of intoxicating liquor at or to any place by any person or for any purpose. There is no statute which prohibits the drinking of intoxicating liquor, though the times, places and circumstances of such drinking may be and have been regulated by law. (*Tarantina* v. *Louisville and Nashville Railroad Co.* 254 Ill. 624.) The legislation of this State on the subject of intoxicating liquors has been directed, not against private drinking or the individual use of such liquors, but against the traffic in them and the use of them in such a way as to tend to disorderly conduct. The authority which the legislature has conferred upon cities is to prohibit the sale of intoxicating liquors and to prevent intoxication. While this grant carries with it the power to adopt ordinances reasonably necessary for the purpose it does not confer power to destroy property rights. It is true that if there are no intoxicating liquors in the city there will be no intoxication. The same paragraph which authorizes cities to prevent intoxication authorizes them to prevent dog-fights. If there are no dogs there will be no dog-fights, but probably it would not be claimed that the power to prevent dog-fights authorized the prohibition of the keeping of a dog within the city or bringing one in.

In the case of *Haskell* v. *Howard,* 269 Ill. 550, we held that an ordinance of the city of Villa Grove, which was anti-saloon territory, which prohibited the display within the city of any advertisement of a wholesale or retail liquor dealer was beyond the power of the city to pass. It was there said that intoxicating liquors are the products of lawful manufacture, and that it would seem inconsistent to say that a product may be lawfully manufactured for the consumption of all who desire it but the advertisement of it may be prohibited as an offense against public morals. In *City of Carthage* v. *Munsell,* 203 Ill. 474, an ordinance

of the city which prohibited the delivery by a common carrier of intoxicating liquors to any consignee or the collection of the purchase price for the consignor and declared every such delivery and collection to be a sale was held to be void, and it was said that the right of an individual to purchase goods for his own consumption and to have those goods carried and delivered to him could only be curtailed when, in the manner of conducting the business, it might endanger the health, life or property of other persons. In *Schwuchow* v. *City of Chicago,* 68 Ill. 444, this court sustained the absolute power of the city of Chicago entirely to prohibit the sale of intoxicating liquors or to regulate and license such sale upon such terms and conditions as the city in its discretion might impose, including a condition for the revocation of the license at the discretion of the mayor. It was said that the business of selling intoxicating liquors was, on principle, within the police power of the State, and restrictions which might rightfully be imposed upon it might be obnoxious as an illegal restraint of trade when applied to other pursuits. At the same time the court expressed its full approval of the doctrine that it is beyond the power of a municipal corporation to declare a forfeiture of property which a party may lawfully hold, as the penalty for the violation of an ordinance.

The councils of cities and the boards of trustees of villages are authorized to prohibit the sale of intoxicating liquors and have ample power to make the prohibition effectual by prohibiting every device whereby the evasion of the prohibition might be accomplished. This power is, however, limited by the legislative grant. It does not extend to the destruction of property the right to own which the legislature recognizes. We do not decide anything as to the power of the legislature to prevent the manufacture or transportation of intoxicating liquors, or to confer that power on municipal corporations, because no such question is presented by this record. We do decide that the legisla-

ture has not granted to municipal corporations the power absolutely to prevent the transportation of intoxicating liquor into such corporations without reference to its use.

The appellant argues that where the sale of liquor is prohibited the property right in the liquor ceases, and among other cases cites *Noel* v. *People*, 187 Ill. 587, *City of Chicago* v. *Netcher*, 183 id. 104, and *Goddard* v. *Town of Jacksonville*, 15 id. 588. These cases hold that the right to sell or barter property is an incident to its ownership, and that when an owner is deprived of the right to expose for sale and sell his property he is deprived of property. They do not hold that the property loses its quality as property, but that the owner, having been deprived of one of the essential incidents of his property, has been deprived of his property to that extent. While by the deprivation of the right of sale he is deprived of his property to a certain extent, he still retains the right to hold and to use the property and it remains his private property.

Intoxicating liquor is held in this State by the same title as any other personal property. It may be purchased and sold in the places where its sale is lawful, the same as any other personal property, and the owner's title to it is as indefeasible, subject to the regulations enacted by the legislature or by municipalities in conformity with the power granted by the legislature. When the case of beer was delivered to the railroad company in Bloomington it became the property of the purchaser and he had the right to carry it where he chose, though he could not sell it in Jacksonville and could not sell it anywhere without a license. He had a right to keep it, to use it himself and to transport it wherever he chose. Being such owner of property and having the right to carry it with him he had also the right to contract to have it carried by someone else. The appellee is a common carrier. It is bound to receive property for carriage from anyone who sees fit to tender it for that purpose and pays the proper charges. It cannot know what use

the owner may intend to make of the property delivered to it for carriage. Under this ordinance its knowledge is immaterial and the intended use is immaterial. The mere fact of the carriage of intoxicating liquors into the city of Jacksonville is made an offense, and thus the appellee is deprived of the right to carry and to contract to carry property, which is a property right. The laws which authorize the city council to license, regulate and prohibit the sale of intoxicating liquors do not authorize it to prevent the transportation of such liquors by a common carrier into the city. The ordinance is without authority of law and is void.

The judgment of the circuit court was right, and it is affirmed.