## CITY OF ADA v. RUPPRECHT.

No. A-4182.   Opinion Filed Feb. 17, 1925.
(233 Pac. 238.)

(Syllabus.)

1. **Municipal Corporations—Statute Giving State Right to Appeal not Applicable to Municipalities.** The right of the state to appeal on question reserved by the representatives of the state in the trial court is based on section 2807, Comp. Stats. 1921, but this statute does not confer the same right on municipalities.

2. **Same.** A legislative act granting the state the right to appeal does not by implication grant the same right to municipalities existing under state law. The right of the sovereign to appeal must be authorized.

3. **Appeal and Error—Dismissal—Appeal not Authorized by Law.** An appeal which is not authorized by law will, upon proper motion, be dismissed by this court.

Appeal from County Court, Pontotoc County; Tal Crawford, Judge.

A. V. Rupprecht was convicted in the municipal court of violating an ordinance of the City of Ada, and, on appeal to the county court, that court sustained his motion to dismiss the cause, and the City of Ada appeals. Appeal dismissed.

T. P. Holt, for plaintiff in error.

King & Crawford and H. T. Carney, for defendant in error.

DOYLE, J.   This action was begun in the municipal court of the city of Ada by filing a complaint in the name of the said city, charging A. V. Rupprecht with a disturbance of the peace. He was adjudged guilty and sentenced to pay a fine of $20 and the costs, amounting to $8.25. He appealed from the judgment to the county court of Pontotoc county. When the case came on for hearing in the county court, defendant filed a motion to dismiss, for the reason that the said court was without jurisdiction for the follow-

ing reasons: Because the ordinance under which said defendant was convicted in the municipal court provides for a fine of not more than $20 and all costs that may accrue, and further provides that the defendant may be imprisoned for the nonpayment of the fine and costs.

Thereupon it was stipulated and agreed by and between the parties, through their respective attorneys, that the city of Ada is a municipal corporation, organized and existing under and by virtue of a special charter approved by the Governor of Oklahoma on the 10th day of May, A. D. 1912, in conformity with the provisions of the Constitution, article 18, § 3.

The motion to dismiss was by the court sustained as follows:

"The court finds and holds that inasmuch as the charter of the city of Ada aforesaid provides for no jury trial in cases of violation of its ordinances, where the fine may exceed $20, it is in conflict with the Constitution and the statutes of the state of Oklahoma, and is herefore null and void, in so far as it pertains to trials for violations of the ordinances of the city, and that Ordinance No. 206, being an ordinance defining 'disturbing the peace,' and fixing a penalty for violation thereof in excess of $20, is null and void.

"The court further finds that under the Constitution and statutes of the state, the municipal court of the city of Ada could not fine the defendant in a sum, including costs, in excess of $20, and that, inasmuch as said municipal court did fine the defendant the sum of $20, and $8.25 costs, the court exceeded its power and jurisdiction and said judgment was and is null and void. The court finds further that said defendant did not waive his right to a trial by jury by making bond and appealing to the county court.

"It is therefore adjudged and ordered that said motion of the defendant to dismiss the cause be sustained in all things. To which action of the court the said city of Ada excepts and reserves the right of appeal to the appellate court, which exceptions are allowed."

To reverse this judgment the city served notices of appeal and filed in this court a petition in error with case-made.

Objection is made by counsel for defendant to the consideration of the questions sought to be presented on this appeal, on the ground that under the statute an appeal by the city does not lie on questions which arise upon the trial of complaints for violations of city ordinances.

In the case of Oklahoma City v. Tucker, 11 Okla. Cr. 266, 145 P. 757, Ann. Cas. 1917D, 984, construing the statute which provides:

"Appeals to the Criminal Court of Appeals may be taken by the state in the following cases and no other:

"First. Upon judgment for the defendant on quashing or setting aside an indictment or information.

"Second. Upon an order of the court arresting the judgment.

"Third. Upon a question reserved by the state"

—it was held that:

"The right of the state to appeal on a question reserved, by the representatives of the state in the trial court is based on [section 2807, Comp. Stats. 1921]; but this statute does not confer the same right on municipalities."

And further that:

"A further legislative act granting the state the right to appeal does not by implication grant the same right to municipalities existing under state law. The right of the sovereign to appeal must be authorized."

And further held that:

"An appeal which is not authorized by law will, upon proper motion, be dismissed by this court."

No change in the statute above cited has been called to our attention. It may be well to say, in passing, that we

think the judgment of the county court is sustained in Ex parte Johnson, 13 Okla. Cr. 30, 161 P. 1097, and Ex parte Monroe, 13 Okla. Cr. 62, 162 P. 233.

We are of the opinion that for the reasons stated in the opinion in the case of Oklahoma City v. Tucker, supra, this court is without jurisdiction to review the ruling of the county court dismissing the case.

The appeal herein is therefore dismissed.

BESSEY, P. J., and EDWARDS, J., concur.