## MARLAND REFINING CO. v. CITY OF HOBART.

No. 16154—Opinion Filed June 9, 1925.

Rehearing Denied July 7, 1925.

(Syllabus.)

**Nuisance—Construction of Filling Station—Injunction Refused—Violation of Invalid Ordinance.**

A drive-in filling station is not a nuisance per se, and where an unenforceable ordinance of the city is relied upon and the alleged violation of such ordinance consists in acts that do not constitute a nuisance per se a court of equity will not interfere therewith and restrain such acts.

Error from District Court, Kiowa County; E. L. Mitchell, Judge.

Injunction by the City of Hobart against the Marland Refining Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

W. K. Moore, C. W. King, and H. E. Oakes, for plaintiff in error.

Clayton Carder, City Atty., and Rummons & Hughes, for defendant in error.

LESTER, J. The parties will be referred to as they appeared in the court below. This case originated in the district court of Kiowa county, Okla., in an action brought by the city of Hobart against the Marland Refining Company, in which it sought to enjoin the defendant from erecting what is known as a "drive-in filling station" for the sale of gasoline and oils usually kept at such stations for sale to drivers of motor vehicles. A demurrer was filed by the defendant, which was by the court overruled, and testimony was then taken and the court granted a temporary injunction pending litigation. From the order granting the temporary injunction, the plaintiff in error prosecutes this appeal.

The plaintiff predicated its right of action by virtue of ordinance No. 644 of the city of Hobart, and the alleged violation of said ordinance on the part of defendant. It appears that the ordinance in question was passed and approved by the city council of Hobart on the 3rd day of May, 1921. Omitting its title, the enacting and emergency clause, said ordinance is as follows:

"Section I. That the construction or main-

tenance of what is generally known as a drive-in filling station, or other business place which invites its patrons to cross the sidewalk with vehicles or motor cars of any character whatsoever, within limits of the city of Hobart, Oklahoma, hereinaiter described, be and the same are hereby declared to be a nuisance; and hereafter it shall be unlawful for any person, firm or corporation to construct, build, or operate a drive-in filling station or other place of business which invites its patrons to cross the sidewalks with motor cars or vehicles, on Main street or Fourth street in the city of Hobart, Oklahoma, within the following described limits:

"Commencing at the north side of Fifth street and running north with Main street to the south side of Third street; commencing at the alley between Monroe and Jefferson streets on Fourth street and running west with Fourth street to the alley between Washington street and Western avenue.

"Section 2. Any person, firm or corporation violating the provisions of section 1 hereof shall be fined in a sum of not less than $10.00 nor more than $50.00, and each day that any such filling station or other business place shall remain or be operated within the limits prohibited by this ordinance shall be deemed a separate offense.

"Section 3. All ordinances and parts of ordinances in conflict herewith be and the same are hereby repealed."

The plaintiff alleged "that the defendant, in violation of the provisions of said ordinance had begun the construction of a filling station upon lot 12, block 19, in the city of Hobart, Okla., and located at the northwest corner of Fourth and Washington streets within the limits restricted by said ordinance, and defendant has caused ditches to be dug upon said premises and concrete footings to be made"; and further alleged that defendant was proceeding to build and construct such station in violation of said ordinance, and that such action on the part of the defendant constituted a nuisance.

The defendant in its brief assigns fourteen errors and urges each assignment as a cause for reversal of said action. As we view the case, it is unnecessary to discuss the assignments of error in the order set forth in defendant's brief. From an examination of the briefs presented by both parties to this action, we conclude that the principal question determinative of said cause is whether a court of equity will grant injunctive relief where an unenforceable ordinance is pleaded and relied upon, and where the alleged violation of such ordinance consists of acts that do not constitute a nuisance per se.

From an examination of the ordinance, it appears that section 2 thereof fixes a maximum penalty of $50 per day for the violation of the terms of said ordinance. In the case of Ex parte Bochmann (Okla. Cr.) 201 Pac. 537, the court said:

"A municipal court in this state may summarily and without a jury impose a fine and costs not in excess of $20 and may imprison the accused for the nonpayment of such fine and costs, but not where the punishment is or may be imprisonment, or is or may be a fine and costs in excess of this sum."

It is admitted by the plaintiff that it did not have any authority nor was afforded any procedure whereby the city of Hobart could empanel a jury to determine any matter wherein a fine might be in excess of $20 and therefore, where an ordinance contained a provision that a fine in excess of $20 might be imposed, that the city was without authority to cause the arrest and imprisonment of offenders against said ordinance, and which situation rendered section 2 of the same unenforceable. The following cases hold that if the penalty clause of an ordinance is admittedly void, the whole ordinance must fail:

In the case of German-American Fire Insurance Co. v. City of Minden (Neb.) 71 N. W. 995, the court said:

"A city ordinance imposed an occupation tax and provided only an illegal method for its enforcement. Held, that the whole ordinance was therefore rendered inoperative."

In the City of Omaha v. Harmon (Neb.) 78 N. W. 623, it is held:

"A city ordinance imposing an occupation tax and providing a method for its enforcement which is illegal is wholly inoperative."

In the case of Massinger v. City of Milville (N. J.) 43 Atl. 443, it is held:

"If a section of an ordinance which provides a penalty for the violation thereof is invalid, the whole of the ordinance becomes nugatory."

We next come to the proposition as to whether the defendant by undertaking to erect and build a drive-in filling station thereby created a nuisance per se. In the case of City of Carthage v. Munsell, 203 Ill. 474, 67 N. E. 831, 832, it is said:

" 'Nuisance' may be thus classified: First, those which in their nature are nuisances per se, or so denounced by the common law or by statute; second, those which in their nature are not nuisances, but become so by reason of their locality, surroundings, or the manner in which they may be conducted; third, those which in their nature

may be nuisances, but as to which there may be honest differences of opinion in impartial minds."

We think that the instant case comes more nearly within the second class of cases, as defined by the court in the above cause, that is, that class which in their nature are not nuisances per se, but may become so by reason of their locality, surroundings, or the manner in which they may be conducted.

In the case of Texas Company v. Brandt, 79 Okla. 97, 191 Pac. 166, the court said:

"In an action for injunction for the violation of a municipal ordinance regulating the location of a gasoline filling station, equity will not restrain the act which violates such ordinance unless the act is a nuisance per se or operates to cause an irreparable injury to property or rights of a pecuniary nature."

In the case of Julian v. Golden Rule Oil Co. et al. (Kan.) 212 Pac. 884, the court said:

"Express legislative authority is necessary to give cities the power to create zones or restricted residence districts within a city whereby owners of lands therein shall be prohibited from constructing business houses in which to carry on legitimate lines of business."

At section 108, page 800, 19 R. C. L.:

"A municipal corporation has no inherent power to enact police regulations, but derives it solely from the Legislature, and consequently can exercise only such police power as is fairly included in the grant of powers by the charter."

Since the city of Hobart adopted the ordinance set forth in this petition, the Legislature of the state of Oklahoma later undertook to give express legislative sanction to the right of municipalities to establish zoning districts, and, as provided by chapter 178, Sess. Laws 1923, approved March 28, 1923, entitled:

"An Act relating to the powers of cities with respect to buildings, sites, areas, trades and industries; authorizing the creation of zoning districts, and declaring an emergency."

Section 1 of the act declares its purposes and reads as follows:

"Section 1. For the purpose of promoting health, safety, morals, or the general welfare of the community, the legislative body of cities and incorporated villages is hereby empowered to regulate and restrict the height, number of stories, and size of buildings and other structures, the percentage of lot that may be occupied, the size of yard courts and other open spaces, the density of population and the location and use of buildings, structures and land for trade, industry, residence or other purpose."

The said act is very comprehensive and embraces the right of all parties to appear before a proper board whose powers are to—

(1) Hear and decide appeals from requirements or decisions under the ordinance, etc.

(2) Hear and decide "special exceptions" to the terms of the ordinance, etc.

(3) "To authorize upon appeal * * * such variance from the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship; and so that the spirit of the ordinance shall be observed and substantial justice done. * * *" And may reverse, affirm or modify, the order, requirement, decision or determination appealed from, etc.

Under this act the city is given full protection to proceed in a lawful manner to protect itself and the citizens thereof from hazard in the exercise of its police power, and said act affords full protection both to the municipality and the individual.

At section 12, page 389, R. C. L., the court, speaking in reference to the review of ordinances for municipal corporations, said:

"In reviewing the ordinances of municipal corporations the courts proceed upon a much stricter rule than that governing their decisions in the case of enactments of the general Legislature. It is said ordinarily that municipal bodies cannot by ordinance declare that to be a nuisance which, according to the standards of the courts, is not such in fact."

In the case of Braun et al. v. Atlantic Refining Co., 27 Penn. Dist. Rep. 451, the court said:

"A chancellor is not to interfere because he thinks a nuisance might result; if there is doubt in his mind, the matter must be left for the future to demonstrate as a matter of fact; he may not regard apprehensions unless those apprehensions are well grounded and founded on experience."

Finding, as we do, that the ordinance of the city is unenforceable, and that the acts constituting an alleged violation of such ordinance on the part of the defendant are not such as constitute a nuisance per se, we therefore hold that equity is without power to interfere and restrain the defendant.

The cause is therefore reversed, and remanded, with direction to the district court to enter judgment for the defendant.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, PHELPS, HUNT, and CLARK, JJ., concur. RILEY, J., dissents.