## LAWRENCE J. DIEHL v. CITY OF SHIDLER.

No. A-10308.    Jan. 10, 1945.

(155 P. 2d 269.)

For former opinion, see 78 Okla. Cr. 434, 150 P. 2d 76.

John W. Tillman and Fred A. Tillman, both of Pawhuska, for plaintiff in error.

A. J. Wildman, City Atty., of Shidler, and Bert Lawton, of Pawhuska, for defendant in error.

BAREFOOT, P. J. The original opinion in this case is reported in 78 Okla. 434, 150 P. 2d 76. A rehearing was granted, and oral argument was had, and additional briefs filed by all parties.

The question presented for serious consideration by the court on rehearing is that by the terms of the ordinance it is provided that one convicted "shall be fined in any sum not less than $1.00 and not more than $19.00, and the costs of the prosecution"; and as to whether this provision renders the ordinance unconstitutional and void, for the reason that under it one might be fined more than $20, when the costs are included.

When the motion for rehearing was granted in this case, counsel were requested to appear before the court and orally argue this proposition. This request was complied with, and additional briefs have also been filed by each of the parties to sustain their respective contentions.

It is now contended by the city of Shidler that the constitutionality of this ordinance should not be considered for the reason that the fine and costs did not amount to more than $20, and that it is therefore unnecessary to pass upon the constitutionality of the ordinance.

To support this contention a number of cases, some of them from the Supreme Court of this state, are cited

holding that courts will not pass upon the constitutionality of an act of the Legislature if the merits of the case may be finally determined without so doing.

We recognize this general rule of law. From the facts surrounding this case and the authorities presented, it occurs to us that the rights of this defendant under the ordinance should be considered on its merits.

In all of the cases appealed to the Territorial Supreme Court, the Supreme Court, and this court involving the statute, the fines and costs imposed have exceeded the $20 limit. Ex parte Bochmann, 20 Okla. Cr. 78, 201 P. 537; Ex parte Johnson, 20 Okla. Cr. 66. 201 P. 533; City of Ada v. Rupprecht, 29 Okla. Cr. 227, 233 P. 238; Ex parte Johnson, 13 Okla. Cr. 30, 161 P. 1097; Ex parte Monroe, 13 Okla. Cr. 62, 162 P. 233.

In the instant case the fine and costs were less than $20 ($19.50). But in the cases cited, the courts have used language which strongly supports the contention made by counsel for defendant.

In the case of Ex parte Johnson, 20 Okla. Cr. 66, 201 P. 533, 537, this court said:

"The test as to whether or not the accused is entitled to a jury is whether or not the punishment *will or might be imprisonment,* or a fine and costs in excess of $20 for the nonpayment of which the accused may be imprisoned. The dividing line between. mere petit offenses that could be tried summarily without a jury and the graver offense of a criminal character, where the accused is entitled to a jury, must be arbitrarily made at some point. The federal Constitution, the statutes of this state, and decisions of this court have fixed the dividing line at a penalty of $20, *including costs.* In other words, a municipal court, under the holdings of this court, may summarily and without a jury impose *a fine and costs not in excess of*

*$20,* and may imprison the accused for the nonpayment of such fine, *but not where the punishment is or may be in excess of this sum.* See, also, Ex parte Bochmann [20 Okla. Cr. 78, 201 P. 537].

"Under the conditions here the petitioner was imprisoned for the nonpayment of a fine and penalties in excess of $20, and following the rule laid down by this court in other decisions, the petitioner was wrongfully denied the right of a trial by jury."

It will be noted that the court in this case used the words, "will or might be" with reference to the punishment.

In the case of Ex parte Bochmann, supra, [20 Okla. Cr. 78, 201 P. 540], the court said:

"The test as to whether or not the accused is entitled to a jury is whether or not the punishment will or might be imprisonment, *or a fine and costs in excess of $20,* for the nonpayment of which the accused may be imprisoned. In other words, a municipal court, under the holdings of this court, may summarily and without a jury impose a *fine and costs not in excess of $20,* and may imprison the accused for the nonpayment of such fine and costs, but not where the punishment *is or may be imprisonment, or is or may be a fine and costs in excess of this sum.* Ex parte Johnson [20 Okla. Cr. 66], 201 P. 533."

In this case the ordinance of the city of Lawton had been amended and the maximum punishment provided for a fine of $20 and costs. The fine assessed was $20, and the costs, which amounted to $6. The petitioner in that case was granted a writ of habeas corpus because no written complaint was filed and he was not given a trial by jury.

In the case of City of Ada v. Rupprecht, supra, the defendant was fined in the sum of $20, and $8.25 costs,

for the violation of a city ordinance. On appeal the county court dismissed the case on the following grounds:

"The court finds and holds that inasmuch as the charter of the city of Ada aforesaid provides for no jury trial in cases of violation of its ordinances, where the fine may exceed $20, it is in conflict with the Constitution and the statutes of the state of Oklahoma, and is therefore null and void, in so far as it pertains to trials for violations of the ordinances of the city, and that Ordinance No. 206, being an ordinance defining 'disturbing the peace,' and fixing a penalty for violation thereof in excess of $20, is null and void.

"The court further finds that under the Constitution and statutes of the state, the municipal court of the city of Ada *could not fine the defendant in a sum, including costs, in excess of $20,* and that, inasmuch as said municipal court did fine the defendant the sum of $20, and $8.25 costs, the court exceeded its power and jurisdiction and said judgment was and is null and void. The court finds further that said defendant did not waive his right to a trial by jury by making bond and appealing to the county court.

"It is therefore adjudged and ordered that said motion of the defendant to dismiss the cause be sustained in all things. To which action of the court the said city of Ada excepts and reserves the right of appeal to the appellate court, which exceptions are allowed."

The case was appealed to this court by the city of Ada. The appeal was dismissed on the ground that the city did not have the right to appeal under Oklahoma Statutes (Tit. 22 O. S. 1941 § 1053). Oklahoma City v. Tucker, 11 Okla. Cr. 266, 145 P. 757, Ann. Cas. 1917D, 984. But Judge Doyle in the closing part of the opinion said:

"It may be well to say, in passing, that we think the judgment of the county court is sustained in Ex parte Johnson, 13 Okla. Cr. 30, 161 P. 1097, and in Ex parte Monroe, 13 Okla. Cr. 62, 162 P. 233."

In the case of Marland Refining Co. v. City of Hobart, 113 Okla. 36, 237 P. 857, 858, the Supreme Court of this state said:

"The following cases hold that, if the penalty clause of an ordinance is admittedly void, the whole ordinance must fail:

"In the case of German-American Fire Ins. Co. v. City of Minden, 51 Neb. 870, 71 N. W. 995, the court said:

" 'A city ordinance imposed an occupational tax, and provided only an illegal method for its enforcement. Held, that the whole ordinance was therefore rendered inoperative.'

"In the City of Omaha v. Harmon, 58 Neb. 339, 78 N. W. 623, it is held:

" 'A city ordinance imposing an occupational tax and providing a method for its enforcement which is illegal is wholly inoperative.'

"In the case of Massinger v. City of Millville, 63 N. J. L. 123, 43 A. 443, it is held:

" 'If a section of an ordinance which provides a penalty for the violation thereof is invalid, the whole of the ordinance becomes nugatory.' "

In the oral argument on rehearing, our attention was called to the case of Ex parte Monroe, 13 Okla. Cr. 62, 162 P. 233, 236. This case uses language that answers the contention of defendant that the court should not attempt to interfere with the judgment and sentence here rendered for the reason that the fine and costs were less than $20 —$19.50. It was there said:

"Counsel seem to argue that, regardless of the penalty provided by an ordinance, if the police judge should assess only a small penalty against the accused, that would obviate all objection to the jurisdiction and render the judgment pronounced valid. The answer to this is that juris-

diction is fixed by what might, under given premises, be done, and not what actually is done. For instance, if a justice of the peace should try even a civil case, in which the amount in controversy exceeded his jurisdiction, even if he rendered judgment for only $5, that fact would not cure the defect or confer jurisdiction, for jurisdiction depends not on what is done, but on what might be done. And the test of the jurisdiction of a police court in any particular case is not what is done, but what under the ordinance might be done.

"In the case at bar we are of the opinion that under the proceedings had the petitioner was deprived of his liberty without due process of law, and that the writ should be awarded.

"The petitioner is therefore discharged."

In that case, the judgment and sentence was for a fine of $99, and 90 days imprisonment in the city jail.

After a careful consideration of the motion for rehearing, we have come to the conclusion that the ordinance of the city of Shidler here under consideration is void by reason of the provision that the punishment "might" or "may be" more than $20, and that the judgment of the county court of Osage county should be reversed, and the case against the defendant dismissed.

It is so ordered.

JONES, J., concurs. DOYLE, J., not participating.